## 19457. NEAL *et al. v.* CITY OF ATLANTA *et al.*

CANDLER, Justice. This is a zoning case. It involves an area of approximately seventy acres in the City of Atlanta, locally known as the "Ottley Home Place," which was zoned on December 22, 1954, in part for community business and in part for single-family dwelling use. On April 4, 1956, the mayor and board of aldermen of the City of Atlanta granted a special permit to use the area for community business, namely, a shopping center, on condition that plans therefor conform, both in architectural design and in layout, generally to plans submitted and approved by the zoning committee of the city's board of aldermen. The plaintiffs, as citizens and taxpayers of the City of Atlanta and as residents of the community in which the area is located, instituted this litigation to prevent the use of it for a shopping center. In addition to the facts stated above, the material allegations of the petition as amended are briefly and substantially as follows: Article 21 of the defendant city's 1954 ordinance is a special ordinance or municipal law dealing with a subject for which provision has been made by an existing general State law, namely, the zoning and planning act of 1946, sections 9 and 10, and therefore the ordinance offends article 1, section 4, paragraph 1 of the Constitution of 1945 (Code § 2-401); that the defendant city derived no authority from the zoning and planning act of 1946 to adopt article 21 of its 1954 zoning ordinance and, for want of such authority, it is ultra vires action by the defendant city and therefore void; that the defendant Samuel Roberts Noble Foundation, Inc., as an optionee only of the subject property, had no such interest in the same as would authorize it to apply for a special permit to change the use for which it had been previously zoned; that the special permit granted by the ordinance of April 4, 1956, is an attempt by the defendant city to "spot" zone, which it cannot legally do; and that the plaintiffs have vested property rights in consequence of the defendant city's 1954 zoning ordinance, which the city is without power to divest by a subsequent ordinance. Besides for process, rule nisi, and service, the prayers are: (1) that article 21 of the city's 1954 zoning ordinance be decreed unconstitutional, ultra vires, and therefore void; (2) that the defendant Samuel Roberts Noble Foundation, Inc., be temporarily and permanently enjoined from applying to the defendant city and the defendant W. R. Wofford, the city's building inspector, for a building permit to erect a shopping center on the premises involved; and (3) that the defendant city and the defendant Wofford be temporarily and permanently enjoined from issuing such a building permit. No demurrer was interposed to the amended petition, but the defendants by their answers denied its material allegations. At an interlocutory hearing, the trial judge held that article 21 of the ordinance adopted on December 22, 1954, was not for any reason assigned unconstitutional or ultra vires; that the special use permit granted on April 4, 1956, was valid and did not constitute "spot" zoning; that the plaintiffs had no vested rights under the defendant city's zoning ordinance of 1954, and, after so holding, denied the temporary injunctive relief prayed for. In his judgment the trial judge stated: "The court does not pass on this case as a discretionary

matter at all. It passes on it purely and simply as a matter of law and as a result of the rulings heretofore made on questions of law." The plaintiffs excepted. *Held:*

1. The special permit here complained of was granted by the zoning authority of the defendant City of Atlanta under the provisions of article 21 of an ordinance which the city adopted on December 22, 1954. The defendants contend that article 21 was authorized by the zoning and planning act for municipalities of 1946 (Ga. L. 1946, p. 191). We cannot agree to this contention but hold that nothing contained in the act of 1946 authorized the city to adopt article 21 of the aforementioned ordinance. This being true, its adoption was ultra vires action by the city and therefore void. And a different ruling is not required by *McCord* v. *Ed Bond & Condon Co.,* 175 *Ga.* 667 (165 S. E. 590, 86 A. L. R. 703), cited and strongly relied on by the defendants in error. When that case was decided in 1932, the City of Atlanta had express charter power under section 18 of an act which the legislature passed in 1929 (Ga. L. 1929, p. 818) to permit exceptions to and variations from its zoning regulations. While the ruling made above effectively disposes of the case, we nevertheless consider the other questions presented for decision by the writ of error of such importance as to also require a ruling on them.

2. There is no merit in the contention that the special permit granted on April 4, 1956, was an attempt by the defendant city to "spot" zone. "Spot zoning generally relates to action in 'lifting out' of a zoned area one unit, or one particular piece of property." *Birdsey* v. *Wesleyan College,* 211 *Ga.* 583 (87 S. E. 2d 378). The special use permit here complained of extends an area previously zoned for commercial use so as to embrace adjacent property zoned for residential use. The extended area consists of approximately 70 acres or 3,000,000 square feet; and counsel for plaintiffs in error cite, and our own research discloses, no appellate court case in which an ordinance which does no more than extend an existing commercial area has been held invalid as "spot" zoning. For a case remarkedly similar on its facts to the case in hand, and where the court held that the action complained of was not "spot" zoning, see *Putney* v. *Township of Abington,* 176 Pa. Super. 463 (108 Atl. 2d 134). And a ruling different from the one here made is not required by the holding in *Orr* v. *Hapeville Realty Investments,* 211 *Ga.* 235 (85 S. E. 2d 20), as cited and relied on by plaintiffs in error. There a lot 150 feet by 340 feet in size was rezoned from residential to commercial use. It was "lifted out" of an area zoned exclusively for residences, and was several hundred yards from the nearest commercial district.

3. By article 3, section 7, paragraph 23, of the Constitution of 1945, it is provided: "The General Assembly of the State shall have authority to grant the governing authorities of the municipalities and counties authority to pass zoning and planning laws whereby such cities or counties may be zoned or districted for various uses and other or different uses prohibited therein, and regulating the use for which said zones or districts may be set apart, and regulating the plans for development and improvements on real estate therein." Code (Ann.) § 2-1923. The 1946 act for zoning and planning in municipalities was passed pursuant to that constitutional authority, and the provisions of the act are applicable to

the City of Atlanta. Under the act the city has power not only to zone but to rezone property; and in these circumstances it is well settled by the ruling in *Morgan* v. *Thomas,* 207 *Ga.* 660 (63 S. E. 2d 659), that the plaintiffs have no vested property rights in virtue of the comprehensive zoning ordinance which the City of Atlanta adopted on December 22, 1954, as claimed by them.

4. Only for the reason stated in division one hereof is the judgment complained of erroneous.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., not participating.*

ARGUED SEPTEMBER 11, 1956—DECIDED OCTOBER 10, 1956—REHEARING DENIED OCTOBER 29, 1956.

*Augustine Sams, Sams, Wotton & Sams, Grigsby H. Wotton, Clifford Oxford,* for plaintiff in error.

*J. C. Savage, J. M. B. Bloodworth, Henry L. Bowden, Newell Edenfield, Ferrin Y. Matthews, Harold Sheats, Robert S. Wiggins, Troutman, Sams, Schroder & Lockerman, W. H. Schroder, Henry B. Troutman, Jr.,* contra.

*Haas, White & Douglas, Leonard Haas, Edward S. White, Wm. G. Grant, Smith, Kilpatrick, Cody, Rogers & McClatchey,* for parties at interest not parties to record.