Dr. Ricardo **MESTRE** et al., Appellants,

v.

**CITY OF ATLANTA** et al., Appellees.

No. 17064.

United States Court of Appeals
Fifth Circuit.
May 20, 1958.

Robert W. Zollinger, Louisville, Ky., for appellants.

J. Leonard Walker, Louisville, Ky., for appellee.

Before MARTIN and McALLISTER, Circuit Judges, and JONES, District Judge.

402

Thomas M. Stubbs, Jr., Atlanta, Ga., for appellants.

William H. Schroder, Henry B. Troutman, Jr., J. C. Savage, Robert S. Wiggins, Wm. G. Grant, Atlanta, Ga., George N. Otey, Ardmore, Okl., for appellees, Troutman, Sams, Schroder & Lockerman, Atlanta, Ga., Otey, Johnson & Evans, Ardmore, Okl., of counsel.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment denying plaintiffs' prayer for an injunction entered after a final hearing. In support of his judgment, the district judge made findings of fact and conclusions of law [1] which correctly and

**1.** *Findings of Fact:*

"In 1954 the City of Atlanta zoned a portion of the Ottley property as C–1, Community Business District, this portion so zoned extended back a distance of approximately 400 feet from Peachtree Road—the remainder of the Ottley property was zoned R–3 and R–4 for use as Single Family Dwelling Residential Purposes.

"At the time the 1954 City of Atlanta zoning ordinance was adopted Community Business and Commercial Districts C–1 and C–2 were established by the ordinance in various parts of the City. These districts were not uniform in size and varied in depth from the street on which they abut from 100 feet to over 1000 feet in some instances.

"There was no general plan or purpose to zone a Community Business District back a distance of only approximately 400 feet from the thoroughfare on which it abutted.

"After the zoning ordinance of 1954 had been adopted the defendants (Other than the City of Atlanta, Ga.) acquired the property by purchase.

"Thereafter, and on Dec. 5, 1956, the City of Atlanta adopted a re-zoning ordinance which re-zoned the Ottley tract in its entirety to C–1, Community Business District.

"It is agreed that all statutory requirements with respect to notice and hearings were fully complied with and the Court so finds.

"Plaintiffs' properties do not abut upon the property re-zoned but are located within the adjacent community zoned for Single Family Dwellings.

"The re-zoning of the Ottley property from Residential to 'Community Business' and the construction of a regional

adequately state the facts and the controlling principles of law. Because they do, we adopt them as our own and order the judgment

Affirmed.

shopping center thereon will undoubtedly increase traffic and noise, and will in all probability make the Single Family Dwellings so zoned in the adjacent community less desirable as homes and therefore less valuable.

"However, there is no evidence here that will authorize a finding that the rezoning ordinance was arbitrary or unreasonable or that it had no substantial relation to the public welfare."

*Conclusions of Law:*

"This being a civil action wherein the matter in controversy exceeds the sum or value of $3,000 and arises under the Constitution of the United States this Court has jurisdiction thereof. (Title 28 U.S.C.A. § 1331; Euclid[, Ohio] v. Amber Realty Co., 272 U.S. 365 [47 S.Ct. 114, 71 L.Ed. 303]).

"Pursuant to constitutional authority (Georgia Constitution art. 3, Sec. 7, Par. 23, Ga.Code, Sec. 2–1923) the General Assembly of Georgia by the Act of 1946 (Ga.Laws 1946, p. 191) granted zoning powers to municipalities. This Act was made applicable to the City of Atlanta by the Act of Feb. 15, 1952 (Ga.Laws 1952, p. 2731)

"Under that Act, the City of Atlanta, Georgia had the power not only to zone but to re-zone property. (Morgan v. Thomas, 207 Ga. 660 [63 S.E.2d 659])

"Municipal zoning ordinances adopted pursuant to power duly granted—must be reasonable—and if unreasonable and arbitrary will be declared void and unenforceable. (Schofield v. Bishop, 192 Ga. 732, 740 [16 S.E.2d 714]).

"The reasonableness of a city zoning and planning ordinance is a question of law for the Court to decide, unless it depends upon the existence of particular facts which are disputed, when it may become in part a question of fact. (Schofield v. Bishop, (supra).

"Courts should not inhibit a reasonable exercise of the zoning power of a municipality carried out pursuant to legislative grant by the state (Standard Oil Co. v. City of Tallahassee, [5 Cir.,] 183 F.2d 410(1).

"A presumption of validity attends the enactment of a zoning ordinance by a municipality and where it enacts such ordinance Court cannot substitute its judgment for that of City Council and cannot question wisdom or policy of City Council in adopting ordinance, so long as ordinance does not infringe constitutional guarantees. (Standard Oil Co. v. [City of] Tallahassee, supra)

"The plaintiffs have no vested property rights in virtue of the comprehensive zoning ordinance, (Neal v. City of Atlanta, 212 Ga. 687, [94 S.E.2d 867]) and the general rule is that considerations of financial loss in private property are not sufficient to outweigh the necessity for legitimate exercise of the police power of a municipality (Standard Oil Co. v. [City of] Marysville, 279 U.S. 582 (4) [49 S.Ct. 430, 73 L.Ed. 856]; Standard Oil [Co.] v. [City of] Tallahassee, supra.)

"If the validity of the legislative classification is debatable then the legislative judgment must be allowed to stand. Euclid [, Ohio] v. Amber Realty Co., 272 U.S. 365(4), 388 [47 S.Ct. 114, 71 L.Ed. 303].

"If the Court cannot hold that the ordinance is clearly arbitrary and unreasonable having no substantial relation to the public health, safety, morals or general welfare, the Court is bound to sustain it as constitutional. (Gorieb v. Fox, 274 U.S. 603, 610 [47 S.Ct. 675, 71 L.Ed. 1228]; Schofield v. Bishop, supra)

"The Supreme Court of Georgia, the highest Court of this State, has had occasion to pass upon the validity of the re-zoning ordinance here involved and have upheld the ordinance as a valid exercise of State constitutional and statutory authority. (Neal v. City of Atlanta, 212 Ga. 687, [94 S.E.2d 867]; Seckinger v. City of Atlanta, [213 Ga. 566, 100 S.E.2d 192]) and these decisions are binding here as to the ordinance being within the City's charter power and not forbidden by the State Constitution. (Hadacheck v. Sebastian, 239 U.S. 394 [36 S. Ct. 143, 60 L.Ed. 348]).

"There has been no clear showing to the contrary, and this Court must and does accord good faith to the City, and an honest exercise of judgment upon the circumstances which induced its actions.

"The re-zoning ordinance of the City of Atlanta approved Dec. 5, 1956, is neither unreasonable nor arbitrary, but is valid.

"Injunction is, therefore, denied."