SHOAF *et al.* v. BLAND *et al.*

No. 17720. ARGUED JANUARY 17, 1952—DECIDED FEBRUARY 13, 1952.

*Gray Skelton, Harry F. Walters, Carter Goode* and *Edward D. Wheeler,* for plaintiffs.

*James A. Mackay,* for defendants.

WYATT, Justice. ■ The first assignment of error in the bill of exceptions is on the sustaining of the special demurrers to two paragraphs of the petition, all other assignments based upon rulings on the special demurrers having been expressly abandoned. Code § 6-701 provides: "No cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto . ." The proceeding now before us is an application for an interlocutory injunction, which was denied. It is not a final judgment within § 6-701. Nor are the rulings on the special demurrers a final judgment thereunder. However, in so far as the judgment denying an interlocutory injunction is concerned, a bill of exceptions to this court is authorized under Code § 6-903, but there is no provision in that section for a review of rulings on special demurrers. See *Cook County* v. *Thornhill Wagon Co.,* 186 *Ga.* 835 (199 S. E. 117), and cases there cited. The bill of exceptions in the instant case is, therefore, in so far as it assigns error on the rulings on special demurrer, premature, and will not be considered.

■ The plaintiffs in error at the interlocutory hearing abandoned the allegation that the activities of the defendants in error constituted an annoyance and a nuisance to the neighborhood. They also introduced no evidence as to the comprehensive zoning ordinance of DeKalb County alleged to have been violated, and no evidence as to its violation. The sole question remaining then is whether the operation of a kindergarten by the defendants in error in their home, located on a lot in the subdivision, constitutes a use of the lot for other than a solely residential lot in violation of the restrictive covenants to which the lot is subject.

"As a general rule, the owner of land in fee has the right to use the property for any lawful purpose, and any claim that there

are restrictions upon such use must be clearly established. Limitations or restrictions by implication are not favored, and must be strictly construed." *David* v. *Bowen*, 191 *Ga.* 467 (12 S. E. 2d, 873). In the construction of an instrument, "the whole instrument is to be construed -together so as to give effect, if possible, to the entire deed . . and the construction which will uphold a deed in whole and in every part is to be preferred." *Simpson* v. *Brown*, 162 *Ga.* 529 (134 S. E. 161, 47 A. L. R. 865).

The rules above referred to apply to the instrument in the instant case. Paragraph (a) of the restrictive covenants reads as follows: "All lots in the tract shall be known, described, and used solely as residential lots . ." Paragraph (h) reads "No noxious, or offensive trade shall be carried on upon any lot nor shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood." Under the rules above stated, effect must be given to both these paragraphs, if it is possible to do so. If the contention of the plaintiff in error be adopted, paragraph (h) would be meaningless and of no effect; for, if paragraph (a) means that the lot could be used only for a residence in its most restricted sense, then no trade at all could be carried on upon the said lot, whether it be noxious, or offensive, or otherwise, and paragraph (h) would be entirely unnecessary. It is possible, however, to give effect to both these paragraphs, and this is the construction to be preferred, and one which we think will best give effect to the intention of the parties. As we construe the instrument here under consideration, paragraph (a) is intended as a limitation upon the type of construction permitted upon the lots of the subdivision. That is, the only type of building that can be erected upon the lots under the terms of these restrictive covenants is a building intended to be used as a residence, and used as such. Paragraph (h) is intended as a limitation upon the type of activities that may take place in the residences so constructed. That is, no noxious or offensive trade or anything that may be or may become an annoyance or nuisance to the neighborhood may be carried on in a residence located on a lot in the subdivision.

To what extent property may be used without destroying its character as residence property depends upon the peculiar circumstances of each case, and we can not say that as a matter of

law the use of the property appearing in the instant case is such as to destroy its character as residence property. Unless the use of the property is such as to destroy its character as residence property, under the restrictions here imposed, the property must be used to carry on a noxious or offensive trade, or the use must bring into existence some other fact which creates a nuisance or an annoyance to the neighborhood, before the complainant is entitled to an injunction to restrain such use of the property. In the instant case, the plaintiffs in error do not now contend that the operation of a kindergarten by the defendants in error is an annoyance or nuisance to the neighborhood, or that it is a noxious or offensive trade. One or more of the above must appear before the plaintiffs in error would be entitled to an injunction restraining such use. Accordingly, the judge of the court below did not abuse his discretion in denying the interlocutory injunction.

*Judgment affirmed. All the Justices concur.*