19860.   SECKINGER *et al. v.* CITY OF ATLANTA *et al.*

ARGUED SEPTEMBER 13, 1957—DECIDED OCTOBER 11, 1957.

*Augustine Sams, Grigsby H. Wotton, Clifford Oxford,* for plaintiffs in error.

*Troutman, Sams, Schroder & Lockerman, J. C. Savage, J. M. B. Bloodworth, Henry L. Bowden, Ferrin Y. Matthews, Martin McFarland, Robert S. Wiggins, William H. Schroder, Henry B. Troutman, Jr., Otey, Johnson & Evans, George N. Otey, Wm. G. Grant,* contra.

HEAD, Justice. In the present case the plaintiffs seek to preserve the status of described property under a zoning ordinance of the City of Atlanta approved December 22, 1954. The general law authorizing "Zoning and Planning in Municipalities" (Ga. L. 1946, p. 191) was made applicable to the City of Atlanta by an act approved February 15, 1952 (Ga. L. 1952, p. 2731). By section 1 of the 1946 act, municipalities are "empowered to make, adopt, promulgate, and from time to time, amend, extend, and add to" zoning regulations, and to divide the municipality "into districts of such number, shape, and area as may be deemed best suited" to carry out the purposes of the act. Section 9 of the 1946 act provides in part that "The governing authority of the municipality may from time to time, amend the number, shape, boundary or area of any district or districts or any regu-

lation of, or within such district or districts, or any other provisions of any zoning regulations." "Under the above provision of the 1946 act, the Mayor and Council of the City of Atlanta may amend the number of districts zoned, the shape, boundary, or area of zoned districts." *Orr* v. *Hapeville Realty Investments, Inc.*, 211 *Ga.* 235, 240 (85 S. E. 2d 20).

By an ordinance of the City of Atlanta approved December 5, 1956, it is recited in the caption that it is to "amend the 1954 Zoning Ordinance of the City of Atlanta by changing from R-3 and R-4 (Single Family Dwelling District) and C-1 (Community Business District) to C-1 (Community Business District) property fronting 1069.8 feet, more or less, on the southeasterly side of Peachtree Road, beginning at the southeast corner of Lenox Road and Peachtree Road, N. E. depth, average 1900 feet." In section 1 of this ordinance it is provided that described property, approximately 70 acres, "now zoned as C-1 (Community Business District), R-3 (Single Family Dwelling District) and R-4 (Single Family Dwelling District) shall, in its entirety, be zoned as C-1 (Community Business District)."

From the quoted provisions of this ordinance, it indisputably appears that the shape, boundary, and area of zoned districts were amended pursuant to constitutional and statutory authority. *Orr* v. *Hapeville Realty Investments, Inc.*, supra; *Neal* v. *City of Atlanta*, 212 *Ga.* 687 (94 S. E. 2d 867). In the *Neal* case it was held that rezoning of the same property here involved would not constitute spot zoning.

The cases of Mueller *v.* C. Hoffmeister Undertaking & Livery Co., 343 Mo. 430 (121 S. W. 2d 775); Marshall *v.* Salt Lake City, 105 Utah 111 (141 Pac. 2d 704, 149 A. L. R. 282); Kuehne *v.* Town Council of the Town of East Hartford, 136 Conn. 452 (72 Atl. 2d 474); Appley *v.* Township &c. of Bernards, 128 N. J. L. 195 (24 Atl. 2d 805); Leahy *v.* Inspector of Buildings of New Bedford, 308 Mass. 128 (31 N. E. 2d 436); Whittemore *v.* Building Inspector of Falmouth, 313 Mass. 248 (46 N. E. 2d 1016); Putney *v.* Abington Township, 176 Pa. Super. 463 (108 Atl. 2d 134), cited by counsel for the plaintiffs, have been examined. In so far as these cases are in point with the present case on their facts or on the statutory law construed, they are not in conflict with the decisions of this court or the rulings here made.

The general law of 1946 vests in governing authorities of mu-

nicipalities the power to rezone in the manner provided by the amending ordinance here involved. It does not appear that the rights of any of the plaintiffs have been violated. A benefit derived from public acts of government is not a legal right in perpetuity against the exercise of governmental power in the future. *Morgan* v. *Thomas,* 207 *Ga.* 660 (63 S. E. 2d 659) ; Reichelderfer *v.* Quinn, 287 U. S. 315. It is not the business of the courts to control the discretion vested in municipal governments, where the acts complained of are clearly within the powers granted. *Schofield* v. *Bishop,* 192 *Ga.* 732 (16 S. E. 2d 714).

2. "As a general rule, the owner of land in fee has the right to use the property for any lawful purpose, and any claim that there are restrictions upon such use must be clearly established." *David* v. *Bowen,* 191 *Ga.* 467, 469 (12 S. E. 2d 873), and cases cited; *Lawson* v. *Lewis,* 205 *Ga.* 227 (52 S. E. 2d 859).

The restriction relied upon in the present case, that "No person of any race other than the white race shall use or occupy any building or any lot," is not violated by the development of the property as a shopping center. The word "use" has many meanings, but as used in the restriction it means "to convert to one's service." Webster's International Dictionary (2d ed.), p. 2806. The word "occupy" means "to take or enter upon possession of." Webster's International Dictionary (2d ed.), p. 1684. The fact that a member of some race other than the white race might cross property used as a shopping center, or park a car in an area provided for such purpose, or enter into a store for the purpose of purchasing commodities, would not be a conversion of property to the "possession" or "service" of such individual within the meaning of the restrictive covenant.

The law defines a nuisance. Code § 72-101. The operation of a lawful business in the manner authorized by law is not a nuisance. The provision, that "No noxious or offensive trade or activity shall be carried on upon the above mentioned lots or property," is too vague, indefinite, and uncertain for enforcement in a court of equity by injunction, except in so far as these words may be included within the definition of a nuisance; and the mere anticipation of injury from the operation of a lawful business will not authorize the grant of an injunction. *Davis* v. *Miller,* 212 *Ga.* 836 (96 S. E. 2d 498), and citations.

*Judgment affirmed. All the Justices concur.*