RITZENTHALER ET AL., APPELLANTS, *v.* PEPAS ET AL., APPELLEES.

(No. 5076—Decided May 12, 1958.)

*Messrs. Winchester & Winchester,* for appellants.
*Mr. Moe L. Okun,* for appellees.

SMITH, J. This is an appeal on questions of law from a judgment of the Common Pleas Court denying plaintiffs an injunction upon a claim of violation of restrictions on property in Schmidlin Place, an addition in Oregon Township (now Oregon Village), Lucas County, Ohio. By stipulation and agreement, the action was tried to the court without the intervention of a jury, the parties specifically waiving any right or rights which they may have to trial by a jury.

The petition alleges that plaintiffs acquired title to lot No.

45 in Schmidlin Place on or about May 8, 1950; that the defendants acquired title to part of Lot No. One in Schmidlin Place on or about September 10, 1953; that on each of the premises a private residence was located and occupied by the parties respectively; that the predecessors in title to the aforesaid lots, owned by the parties, by agreement adopted restrictions and conditions set forth in the petition; that at the time defendants acquired title they had knowledge and notice of those restrictions; and that defendants installed thereon a beauty shop and are continuing to operate the beauty shop in violation of the restrictions and that irreparable damage will result to plaintiffs and all other owners of lots or parcels of Schmidlin Place, unless restrained by order of court.

The prayer of the petition is for a declaratory judgment as to the validity of such restrictions and, in the event the court finds that the restrictions are valid, that the defendants may be restrained and enjoined. A demurrer to the petition was overruled.

The answer admits that defendants own the premises described in the petition; that a private residence is located thereon and now occupied by them; and that defendant Dorothy W. Pepas has been operating a beauty shop business in such residence. While other allegations of the petition are denied by the answer, at the trial it was stipulated as follows:

"That the defendant Dorothy Pepas has been and is now operating a beauty shop in and about the property owned by her and her husband, John Pepas, situated at 832 Schmidlin Road, Toledo, Ohio, a legal description of which is set forth in paragraph 2 of plaintiffs' petition.

"That a private residence is now situated on the property of the plaintiffs at 3518 Worden Road, Oregon Village, Lucas County, Ohio, the same being a property the legal description of which appears in paragraph 1 of plaintiffs' petition.

"That after January 1, 1940, there was filed in volume 1,160, p. 309 of Lucas County Mortgage Records, certain restrictions on the various lots comprising Schmidlin Place Addition to Oregon Township, now Oregon Village, Lucas County, Ohio; that said restrictions were duly and legally filed according to law

and were signed and agreed to by the then owners of all lots in said Schmidlin Addition, with the exception of the then owner of Lot Two; that among the signatories to said restrictions were the predecessors in title to the property now owned by the plaintiffs, and to the property now owned by the defendants, and that the document which has been marked plaintiffs' Exhibit No. 1 herein is a true and accurate and correct and complete copy of said restrictions.

"That under date of December 28, 1925, there was duly filed in Plat Book 42-B in the office of the Recorder of Lucas County, Ohio, the duly adopted plat by Schmidlin Place, and that the document or paper marked plaintiffs' Exhibit Two herein is an accurate, correct and complete copy of the original of the plat of Schmidlin Place, an addition now in Oregon Village, formerly in Oregon Township, Lucas County, Ohio, recorded as hereinbefore set forth.

"That both plaintiffs' Exhibit No. 1 and plaintiffs' Exhibit No. 2 may be admitted in evidence without objection."

The answer sets forth defensive matter to the effect that residents in the addition have approved and acquiesced in the use the defendants have made of their premises; that for a long time other of the private residences in the addition have been used for business purposes, openly and without objection by other owners in the addition; and that nothing in the restrictions, the basis of plaintiffs' action, prevents defendants from operating a beauty shop in their home.

Plaintiffs, appellants herein, make the following assignment of errors:

1. That the findings, decision and judgment of the lower court are contrary to the weight of the evidence.

2. That the findings, decision and judgment of the lower court are contrary to law.

3. That the lower court failed to decide all the issues raised by the pleadings herein.

4. That the trial court erred in other respects, as appear on the face of the record.

Considering assignments of error numbered 1 and 2 to-

gether, we find that the evidence fully supports the judgment of the Common Pleas Court, and that such judgment is not contrary to law as to the denial by the trial court of injunctive relief. The justiciable facts are not in conflict. A determination of the relative merits of plaintiffs' and defendants' claims requires that the pertinent portions of the restriction agreement must be examined, interpreted and construed.

Paragraph numbered 1 of the restriction agreement provides:

"All lots in said addition, except the north 150 feet of lot No. 1 and except lots numbers 80, 81, 82, 83, 84, 85, 86, 87, 88, 89 and 90, shall be known and described as residential lots."

Paragraph numbered 4 states that "the following resrictions shall apply to the lots designated in paragraph one (1) above as residential lots," and, thereafter, in subparagraphs (a) to (g) inclusive, restrictions are set forth pertaining to the heighth and general structural requirements of a detached single family residence, garage, area, set-back line, cost, reference to a committee for approval and other matters not pertinent to this cause. No claim or issue is raised as to violation of any such restrictions.

Paragraph numbered 5 provides in part:

"The following restrictions shall apply to each and all of the said lots in Schmidlin Place Addition:
"* * *

"(b) No noxious or offensive trade or activity shall be carried on upon any lot, nor shall anything be done thereon which may be or become a nuisance or annoyance to the neighborhood."

The phrases normally employed in many restrictive covenants, such as "for residence purposes only" or "for use as residence only" and without other qualifications, do not appear in the agreement which we are required to construe in the instant case. It may be said that the language employed in the restrictive agreement before this court, construed altogether, does not give rise to any ambiguity or doubt that lots designated as residential may be used for incidental trade or activity, sub-

ject to the limitation that the same shall not be noxious, offensive or be or become a nuisance in the neighborhood.

We find that the language used does not exclude by implication incidental use thereof by defendants as a beauty shop, a trade or activity licensed under statutory regulations, which is shown by the evidence to be neither noxious nor offensive nor to constitute a nuisance. The case of *Hunt* v. *Held,* 90 Ohio St., 280, 107 N. E., 765, L. R. A. 1915D, 543, cited by counsel for plaintiffs, involving the sole pertinent language, "for residence purposes only," lends no assistance in the construction of the restrictions in this case. That case in the first paragraph of the syllabus, however, does enunciate a rule of construction firmly established, followed and approved, to wit:

"Where the right to enforce a restriction contained in the conveyance as to the use of the property conveyed is doubtful all doubt should be resolved in favor of the free use thereof for lawful purposes by the owner of the fee."

While a restriction, valid and expressed in plain and unambiguous language must be given effect in accordance with its express provisions (*Cleveland Baptist Assn.* v. *Scovil,* 107 Ohio St., 67, 140 N. E., 647), restrictions are not to be extended or created by conjecture or implication, nor are restrictions to be inferred from doubtful language. Restrictions are not favored by the law, and, where the language of restrictive covenants is capable of two or more different constructions, that construction will be embraced which least restricts the free use of land. *Loblaw, Inc.,* v. *Warren Plaza, Inc.,* 163 Ohio St., 581, 127 N. E. (2d), 754; *Frederick* v. *Hay,* 104 Ohio St., 292, 135 N. E., 535; *Goodyear Heights Realty Co.* v. *Furry,* 33 Ohio App., 432, 170 N. E., 23; *Mahrt* v. *First Church of Christ, Scientist,* 75 Ohio Law Abs., 5, 142 N. E. (2d), 567; 15 Ohio Jurisprudence (2d), 107, Section 119; 14 American Jurisprudence, 621, Section 212. Applying the rule, if doubt arises from the language used, we are compelled to resolve that doubt under the provisions of the restriction agreement in favor of the defendants.

What has been said makes it unnecessary to pass on the question of waiver or estoppel raised in the answer. If our con-

clusion upon the interpretation of the restrictive covenants had been otherwise, the evidence nevertheless is insufficient to support such a condition as against the restrictions. 15 Ohio Jurisprudence (2d), 137, 138, Section 137.

Assignments of error numbered 1 and 2 having been found without merit, there appears no other error as claimed by assignment number 4, except as to assignment number 3 set forth above. Plaintiffs, by the allegations of the petition and the prayer, raised an issue as to the right to a declaratory judgment. While the court properly refused injunction, as to which we find no error, it failed to declare the rights of the parties with respect to the validity, nature or extent of the restrictions. Plaintiffs, appellants herein, are entitled to such declaratory judgment. 16 Ohio Jurisprudence (2d), 675, Section 39; Borchard, Declaratory Judgments (2d Ed.), 228, 229.

The judgment of the Court of Common Pleas is modified as to the issue of declaratory judgment and, as modified, is affirmed and remanded to the Court of Common Pleas for further entry, including declaratory judgment on the validity, nature and extent of the restrictions on the property.

*Judgment accordingly.*

DEEDS and FESS, JJ., concur.