22409.   ALLEN v. THE STATE.

CANDLER, Justice.   Ralph W. Allen, a white man, was indicted in Dougherty County for the penal offense of assault with intent to murder which is not a capital offense. Before arraignment, he moved to quash the indictment on the ground that the grand jurors who indicted him were selected from lists prepared by jury commissioners who had systematically, arbitrarily and deliberately excluded all Negroes therefrom

and for that reason the indictment is violative of his rights under the equal protection and due process clauses of the Fourteenth Amendment to the Constitution of the United States. He also moved that he not be tried by the jurors then serving who had been selected from traverse jury lists which had been likewise prepared by the jury commissioners. His motions were overruled and the exception is to that judgment. *Held:*

Movant does not contend that Art. VI, Sec. XVI, Par. II of Georgia's Constitution of 1945 (*Code Ann.* § 2-5102) which gives the General Assembly authority to provide by statute for the selection of grand and traverse jurors or any statute passed pursuant thereto offends in any way the Fourteenth Amendment to the Constitution of the United States. The jurisdiction of this court is fixed by Art. VI, Sec. II, Par. IV of the Constitution of 1945 (*Code Ann.* § 2-3704) and by that constitutional provision this court has jurisdiction of all cases in which the constitutionality of any law of the State of Georgia or of the United States. is drawn in question. Here movant does not question the validity of any law of this State which provides for the selection of grand and traverse jurors nor raise any other question over which this court has jurisdiction. His motions involve only the application of unquestioned and unambiguous provisions of the Federal Constitution to a given state of facts. Hence, the Court of Appeals and not this court has jurisdiction of the writ of error and it is accordingly transferred to that court. See *McGill v. State of Ga.,* 209 Ga. 282 (71 SE2d 548); *Atlanta Newspapers, Inc. v. Grimes,* 215 Ga. 324 (110 SE2d 343); and *Edwards v. State,* 217 Ga. 804 (125 SE2d 506) and the cases there cited. We have not overlooked or failed to consider the decision in *Crumb v. State,* 205 Ga. 547 (54 SE2d 639). There this court did not rule on its jurisdiction of the case; and for that reason, it is not here a binding precedent. Furthermore, that case is in conflict with older unanimous decisions of this court which hold that an application of unquestioned and unambiguous constitutional provisions to a given state of facts does not raise constitutional questions within the meaning of this court's jurisdiction. *Gulf Paving Co. v. City of Atlanta,* 149 Ga. 114 (99 SE 374); *Howell v. State,* 153 Ga. 201 (111 SE 675); and *Norman v. State,* 171 Ga. 527 (156 SE 203).

*Transferred to the Court of Appeals. All the Justices concur.*
SUBMITTED MARCH 9, 1964—DECIDED MARCH 18, 1964.

*C. B. King, Thomas M. Jackson,* for plaintiff in error.