### 22623. VOYLES et al. v. KNIGHT et al.

DUCKWORTH, Chief Justice. 1. As a general rule, the owner of land in fee has the right to use the property for any lawful purpose, and any claim that there are restrictions upon such use must be clearly established, and such limitations of use will be strictly construed, as limitations thereon by implication are not favored. *Thompson v. Glenwood Community Club,* 191 Ga. 196 (12 SE2d 623); *David v. Bowen,* 191 Ga. 467 (12 SE2d 873); *Shoaf v. Bland,* 208 Ga. 709 (69 SE2d 258); *Lawson v. Lewis,* 205 Ga. 227 (52 SE2d 859); *Richardson v. Passmore,* 207 Ga. 572 (63 SE2d 392). Indeed, any doubt as to the restrictions on use will be construed in favor of the grantee. *Randall v. Atlanta Advertising Service,* 159 Ga. 217 (125 SE 462); *England v. Atkinson,* 196 Ga. 181 (26 SE2d 431).

2. The restrictive instrument was signed by all the owners, witnessed and recorded. It provided that these covenants shall run with the land and shall be binding on all parties and all persons claiming under them until January 1, 1979. The first paragraph listed the owners of the land, and the second clause is, "The said subdivision is intended for residential purposes only." Then it recites that in consideration of "the foregoing and the benefits flowing to the present and future owners" the following protective and/or restrictive covenants which shall be applicable to all subdivided lots shown on the plat referred to shall be imposed. Thereafter, it provides that: "All lots in the tract shall be known and described as residential lots. No structure shall be erected, altered, placed or permitted to remain on any residential building plot other than one single-family dwelling house not to exceed 2½ stories in height." Other restrictions in the instrument are irrelevant here.

Thus is presented a duly executed and recorded restrictive instrument made by the owners of the land. The words residence and residential relate solely to use. No structure could become a residence or residential in the absence of its use by people residing therein. At precisely the time when people fail to live therein it ceases to be a residence. Put another way to fit the facts of this case, irrespective of its former use, or the nature of the structure, when the building here involved ceased to be a residence and became exclusively "a day nursery," it was no longer a residence, and the clause of the covenant, to wit: "No structure shall be erected, altered, placed or *permitted to remain* on any residential building plot" comes into operation. And by its terms such structure shall not be "permitted to remain." We are convinced that the foregoing references to the covenant leave no reasonable doubt but that its intent is to prohibit any use other than as residence of any lot. This manifest intent being the cardinal rule of construction will control over the above mentioned rule of strict construction against restrictions. If the intent is plainly manifest no ambiguity exists, and it is only in cases of ambiguity that the rule of strict construction applies.

We are not troubled with *Shoaf v. Bland*, 208 Ga. 709, supra, and *Jordan v. Orr*, 209 Ga. 161 (71 SE2d 206), for in those cases the structure was being used as a residence. There are doubtless sound grounds to question those decisions in allowing the added use, but this resulted from a construction of the terms

of the restrictions, plus actual residence. They do not conflict with our ruling here that the petition clearly alleges a cause of action in the violation of the valid restrictive covenant, and it was error to sustain the demurrer.

3. The evidence showing that the "day nursery" is to be operated in the vacant dwelling house adjacent to the residence of the defendant, the lower court erred in refusing to grant the temporary injunction to prevent the defendant from using said property for any purpose other than a residential purpose.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1964—DECIDED OCTOBER 8, 1964.

*Bloch, Hall, Groover & Hawkins, Ellsworth Hall, III,* for plaintiffs in error.

*Martin, Snow, Grant & Napier,* contra.