## 33961. SISSEL et al. v. SMITH et al.

MARSHALL, Justice.

The plaintiffs-appellants brought suit against the defendants-appellees to enjoin defendant Danese B. Smith from converting the interior of her carport into a beauty shop. The parties are all residents of Unit I of Chimney Hills Subdivision, located in Gwinnett County. The plaintiffs argue that operation of a beauty shop in the defendants' carport violates the following restrictive covenants to which the parties' lots are subject: Restrictive Covenant 1. "Lots shown shall be for single family residence purposes only." Restrictive Covenant 4. "No building shall be erected on any lot to be used as a school, church, or kindergarten." The trial court disagreed with the plaintiffs and denied permanent injunctive relief. This appeal followed.

1. The evidence before the trial court showed that prior to institution of this suit, the defendants had applied to the Gwinnett County Zoning Board of Appeals for a special exception to the residential zoning on their property to permit operation of a beauty shop in their home. Over the protests of the defendants' neighbors, the Zoning Board of Appeals granted the application on the condition that the beauty shop be operated only two days per week, that Danese Smith be the sole operator, and that Mrs. Smith see only one customer per hour. A representative of the zoning board testified that under these conditions the board did not consider operation of a beauty shop in the defendants' home to be a violation of the restrictive covenants to which their property is

subject.

Danese Smith testified that she lives in a 1600-square-foot ranch home, with three bedrooms, two baths, a den, kitchen, dining room, and carport. She plans to enclose the carport and convert it into a beauty shop, but the exterior of the carport will match the existing exterior of the remainder of her home. Within the enclosed carport she will install several items of beauty-shop equipment, none of which will become fixtures except the plumbing equipment. Mrs. Smith is a licensed cosmotologist, and she will provide her customers with a wide range of haircutting and styling services. She will enlarge her driveway so that there will be adequate parking facilities for customers on the premises. Mrs. Smith testified that the enclosed carport could still be used as a den and would not interfere with the use of the remainder of the house as a residence. She further testified that no signs would be maintained in the yard.

The plaintiffs allege that the operation of a beauty shop on the defendants' premises will cause irreparable damage and injury to their property values, and traffic flow in the area will greatly increase. However, as the defendants point out, the plaintiffs have not presented any evidence in support of these allegations.

2. " 'As a general rule, the owner of land in fee has the right to use the property for any lawful purpose, and any claim that there are restrictions upon such use must be clearly established. Limitations or restrictions by implication are not favored, and must be strictly construed. [Cits.]'" *Jordan v. Orr,* 209 Ga. 161, 163 (71 SE2d 206) (1952). Accord, *Shoaf v. Bland,* 208 Ga. 709 (2) (69 SE2d 258) (1952).

3. Strictly construing Restrictive Covenant 1, the trial court ruled that this covenant restricts only the type of buildings that can be constructed on the lots in the subdivision. The trial court ruled that if the owner of the subdivision had intended to restrict use of the lots further, as in preventing the incidental use of a portion of a residence as a beauty shop, he could have so provided in express language in Restrictive Covenant 4.

We agree with the trial court that, strictly construed, Restrictive Covenant 1 should be interpreted as a

restriction upon the types of buildings that can be constructed on the lots (that is, only buildings intended to be used as residences can be constructed) and not as a limitation on the types of activities that can take place in buildings so constructed. Thus construed, whether this restrictive covenant prevents the incidental use of a portion of a residence for business or trade purposes is a question of fact depending upon the facts and circumstances of a given case.

4. Other courts have divided on the question of whether the incidental use of a portion of a residence as a beauty parlor violates a covenant restricting the use of the lot to residential purposes. Compare Baker v. Brackeen, 354 SW2d 660 (Tex. 1962); Swineford v. Nichols, 177 NE2d 304 (Ohio 1961); Ritzenthaler v. Pepas, 159 NE2d 472 (Ohio 1958); Monigle v. Darlington, 81 A2d 129 (Del. 1951) (holding that the incidental use of a dwelling for purposes of a beauty shop was not barred), with Cothran v. Stroman, 142 SE2d 368 (S. C. 1965); Varney v. Fletcher, 213 A2d 905 (N. H. 1965); Vaccaro v. Rougeou, 397 SW2d 501 (Tex. 1965); Laux v. Phillips, 144 A2d 409 (Del. 1958); Olson v. Jantausch, 130 A2d 650 (N. J. 1957) (holding that the incidental use of a dwelling for the business of a beauty shop was barred). See generally 21 ALR3d 641, Anno., "Incidental Use of Dwelling for Business or Professional Purposes as Violation of Covenant Restricting Use to Residential Purposes." A reading of these cases shows that the primary factors which the courts have taken into consideration are the wording of the restrictive covenants and the extensiveness of the business activities conducted within the residential dwelling.

5. Taking into consideration the wording of the restrictive covenants under review here and the extensiveness of the proposed beauty-shop operation, we are of the opinion that if the beauty shop is operated in the defendants' carport under the conditions specified by the zoning board and in the manner testified to by Mrs. Smith, no violation of the restrictive covenants will occur.

The judgment of the trial court is accordingly affirmed.

*Judgment affirmed. All the Justices concur, except*

598

ARGUED SEPTEMBER 18, 1978 — DECIDED NOVEMBER 22, 1978.

*Tennant, Anderson & Davidson, T. Michael Tennant,* for appellants.
*Howard, Cook & Mullinax, Charles A. Mullinax,* for appellees.