### 36740. NAKIS v. CROSS.

UNDERCOFLER, Chief Justice.

This appeal involves the interpretation of restrictive covenants in the Dogwood Estates subdivision in DeKalb County. Barbara Cross sought to enjoin her neighbor, Betty Ann Nakis, from maintaining an aluminum tool shed in her backyard, claiming such a structure is forbidden by the subdivision's restrictive covenants. The trial court granted an interlocutory injunction and Mrs. Nakis appeals. We reverse.

Restrictive covenants, prohibiting the unfettered use of one's land, must be strictly construed. *Pritchett v. Vickery,* 223 Ga. 490 (156 SE2d 459) (1967); *Wiggins v. Young,* 206 Ga. 440 (57 SE2d 486) (1950). Applying this principle to this case, it is clear that such structures are not prohibited. While paragraph one restricts land use to a single family residential dwelling and garage or carport, paragraph three refers to the set back restrictions of the house, garage "or other permitted accessory building." Paragraph six disallows temporary structures *used as residences.*[1] Construing these covenants in the context of the contract as a whole, we do not find that an aluminum tool shed is forbidden.

*Judgment reversed. All the Justices concur.*

SUBMITTED OCTOBER 3, 1980 — DECIDED OCTOBER 22, 1980 — REHEARING DENIED NOVEMBER 13, 1980.

*Harvey A. Clein,* for appellant.
*Peek & Whaley, J. Corbett Peek, Jr.,* for appellee.

---

[1]"No structure of a temporary character, trailer, basement, tent, shack, garage, barn, or other outbuilding shall be used on any lot at any time as a residence either temporarily or permanently."