40336. ELDER et al. v. WATTS et al.

GREGORY, Justice.

This appeal involves the interpretation of a restrictive covenant in the Riverview Estates subdivision in Gwinnett County. Hal Watts and the Riverview Association, Inc. (plaintiffs-appellees) sought to enjoin Tom Elder, (defendant-appellant) from erecting a tennis court on a lot adjacent to his residence. After building a single family residence on Lot 12 in the subdivision, appellant purchased adjoining Lot 11 for the purpose of building a tennis court for the recreation of his family and friends. The tennis court could not be placed on Lot 12 because of ground coverage rules applicable to the Chattahoochee River corridor, enforced by the county zoning authorities. To meet the zoning regulations, appellant combined the two lots into one. He received approval from the zoning authorities for the construction of the tennis court. After some preliminary grading of the landscape, appellees brought this action contending the building of the tennis court violates the following restrictive covenant found on the recorded subdivision plat, to which the parties' lots are subject: "Lots shown shall be used for single family residence purpose only." The trial court concluded a tennis court is not a single family residence purpose and permanently enjoined appellant from erecting a tennis court on Lot 11. We disagree and reverse.

" 'As a general rule, the owner of land in fee has the right to use the property for any lawful purpose, and any claim that there are restrictions upon such use must be clearly established. . . . [Cits.]' " *Jordan v. Orr,* 209 Ga. 161, 163 (71 SE2d 206) (1952). Accord, *Shoaf v. Bland,* 208 Ga. 709 (2) (69 SE2d 258) (1952). Applying this principle to this case, it is clear that a tennis court adjoining a single family residence, both located on a single lot would not violate the restriction. The evidence discloses at least one other residence in the subdivision has a tennis court on the lot. We hold that combining two adjoining lots and erecting a single family residence and a tennis court on the two lots, the residence on one and the tennis court on the other, does not violate the spirit and purpose of the restriction under the facts of this case. The key word is "purpose." The covenant does not restrict lots to "single family residences," but to "single family residence purpose." Single family residence purpose includes more than a building. Compare *Sissel v. Smith,* 242 Ga. 595 (250 SE2d 463) (1978). It includes development of the lot as a whole with this purpose as a guide. Tennis courts, swimming pools, basketball courts, driveways, gardens, etc., are within the purpose of a single family residence.

While other restrictive covenants preclude the subdivision of a

single lot and the building of more than one residence on any single lot, we find nothing in the restrictions which would preclude combining more than one lot for use as a single family residence. Any doubts as to restrictions and use must be construed in favor of the grantee. *Voyles v. Knight,* 220 Ga. 305 (138 SE2d 565) (1964).

*Judgment reversed. All the Justices concur, except Bell, J., who dissents.*

DECIDED FEBRUARY 22, 1984.

*Tom Pye,* for appellants.
*Glenda L. Sullivan, Speros D. Homer, Jr.,* for appellees.

BELL, Justice, dissenting.

Because I believe that the holding of the majority opinion is at odds with established precedent and the facts of this case, I respectfully dissent. One of the developers of appellees' subdivision, who was also one of the drafters of the covenant in question, testified that, although a tennis court on the same lot as a principal single family residential structure would be a permissible accessory development of the lot, appellees' planned tennis court would violate the covenant. In light of his testimony, the trial court did not abuse its discretion when it granted the injunction. *White v. Legodais,* 249 Ga. 849 (295 SE2d 99) (1982). I would affirm.