46375. HOLBROOK et al. v. DAVISON et al.
(375 SE2d 840)

GREGORY, Justice.
The appellants and the appellees all own lots in the Oconee

---

Farms Subdivision in Putnam County. In July, 1988 appellees sued the appellants, the Holbrooks, in Putnam Superior Court, alleging that the Holbrooks were using their lots to maintain cows and horses, in violation of restrictive covenants appearing in the subdivision plat.

The covenants were:

1. All lots shall be used for single family residences only.

. . . .

4. Only 2 out-buildings (detached garage, barn, storage shed, gazebo, or boathouse) may be erected on each lot in addition to the dwelling house.

. . . .

12. Boundary fences are restricted to 48 inches in height or less.

The evidence showed that the Holbrooks own sixteen lots in the subdivision and built their residence on a tract comprised of four lots. Their other lots, which total approximately thirty-five acres, do not adjoin their residence. The Holbrooks have used approximately twenty-three acres of these remaining lots to maintain horses and cows, and have constructed fences on the remaining twelve acres with the intention of maintaining horses and cows. The number of horses and cows on the lots has fluctuated between seven and twenty-five head.

The trial court held, first, that appellees were not barred by laches from enforcing the covenants and second, that under the circumstances the appellants were not permitted to maintain cows, horses, and other livestock.

The trial court enjoined the Holbrooks from maintaining livestock on their lots, but also wrote that livestock could be maintained by an occupant of a single family residence in connection with the use and enjoyment by the occupant of the residence.

1. The issue in this case is: May the appellants maintain livestock on their lots without a single-family residence when a restrictive covenant of the subdivision states "All lots shall be used for single family residences only."

The general rule is that the owner of land has the right to use it for any lawful purpose. Restrictions upon an owner's use of land must be clearly established and must be strictly construed. *Davis v. Miller*, 212 Ga. 836, 837 (96 SE2d 498) (1957). Moreover, any doubt concerning restrictions on use of land will be construed in favor of the grantee. *Voyles v. Knight*, 220 Ga. 305 (138 SE2d 565) (1964).

Appellees argue that this case is controlled by *Grove Lakes Subdivision v. Hollingsworth*, 218 Ga. 443 (128 SE2d 499) (1962). We disagree.

In *Grove Lakes*, the Court enjoined Hollingsworth from using his lot as a cow pasture when his deed read "this property is to be used for residential purposes exclusively. . . ." The restrictive covenant of

the subdivision in the present case reads "All lots shall be used for single family residences only."

The language of the covenants are similar, but the circumstances of the two cases are different. In *Grove Lakes* the Court held that livestock could not be maintained on a lot restricted to use for residential purposes exclusively. But the Court merely assumed without analysis that maintaining livestock was not a residential purpose. In the present case because barns were expressly permitted, it was clearly contemplated that livestock would be allowed. Furthermore, the developer of the Oconee Farms subdivision testified that other subdivisions he had developed had expressly precluded livestock and that this covenant was purposely omitted from the Oconee Farms so residents could have livestock.

Because keeping livestock is a permitted use of the lots, the remaining issue is whether the restriction that "All lots shall be used for single family residences only" precludes keeping livestock unless a residence is built also. We hold it does not. Construing the restriction most favorably to the grantee, we hold that the covenant restricts the lots to residential use and to single family, not multi-family, units. Nothing in the restriction requires the construction of a dwelling house before lots are used for permitted purposes. Appellants, as owners of land have the right to use it for any lawful purpose consistent with the restrictive covenants. They would not have to build a single family residence before having a picnic on their land. Under the circumstances of this case, we hold that the appellants have the right to use their lots to maintain livestock.

2. Because our judgment is in favor of the appellants, we need not reach the issue concerning laches.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 8, 1989.

*Huskins & Huskins, Donald W. Huskins*, for appellants.
*G. L. Dickens, Jr.*, for appellees.