A91A1652. BOEHM et al. v. PROCTOR et al.
(415 SE2d 490)

SOGNIER, Chief Judge.

Arthur Boehm and Harold Downs brought suit against Joseph Proctor and John Acuff seeking injunctive relief and monetary damages for the defendants' alleged violation of subdivision restrictive covenants. Upon the parties' cross motions for summary judgment, the trial court granted the defendants' motion and denied that of the plaintiffs. The plaintiffs appeal.

The material facts are not in dispute. Each appellant owns a home in Oakwood Estates Subdivision, Unit II, in Catoosa County, which was platted and developed in 1975. At that time, the developer recorded certain restrictive covenants (the "covenants"), which are binding on all subsequent owners of the subdivision lots. These covenants provide in pertinent part:

"(1) No lot shall be used except for residential purposes. No building shall be erected, altered, placed or permitted to remain on any lot other than one single-family dwelling . . . .

"(2) No structure of a temporary character, such as, but not limited to, trailers, basements, tents, shacks, garages, barns, or other outbuilding shall be used on any lot at any time as a residence . . . .

"(3) Any dwelling erected on any lot or parcel in said subdivision must contain at least 1400 square feet of floor space on main floor . . . .

. . .

"(6) No building . . . shall be erected on any parcel in said subdivision unless said lot or parcel shall contain at least 11,000 square feet, and have at least 100 feet in width at the front set back line."

Appellees purchased a platted lot in the subdivision in December 1990 and subdivided it into three separate tracts, each of which met the minimum size requirements of paragraph 6 of the covenants. They acquired the second floor of a conventionally built house, moved it to one of the tracts, and placed it on a concrete and block foundation erected on the site for the house. Appellees then renovated the structure for resale. When completed, the single-story house contained 2,100 square feet, and appellee Acuff averred that its market value equalled or exceeded that of the other houses in the subdivision.

Appellants brought suit to enjoin appellees from subdividing the lot or placing any further or nonconforming structures on it, contend-

ing that paragraph 1 precluded subdivision of platted lots and that the house appellees placed on the lot was a "temporary" building in violation of paragraph 2. The trial court held that the house was not a temporary structure, that the reference in paragraph 1 to "lot" was "inconsistent" with the references in other paragraphs to "lot or parcel," and that paragraph 6 authorized lot subdivision provided the minimum size requirements were met for each resulting parcel.

We affirm. " 'It is the general rule that the owner of land has the right to use it for any lawful purpose, and restrictions upon its use must be clearly established and strictly construed.' [Cit.] . . . 'Restrictive covenants will be construed to carry out the intention of the parties, if that intention can be ascertained from a consideration of the whole instrument.' [Cit.]" *Corporation &c. of Latter-Day Saints v. Statham*, 243 Ga. 448, 449 (254 SE2d 833) (1979). While any doubts as to the scope of the restrictions will be construed in favor of the grantee, *Voyles v. Knight*, 220 Ga. 305 (138 SE2d 565) (1964), if the manifest intent of the parties can be ascertained from the covenants as a whole, no ambiguity exists and the rule of strict construction need not be applied. Id. at 306.

When the covenants at issue are considered as a whole, it is clear that the intention was to limit use of the property to permanent single-family residences (paragraphs 1, 2) of at least 1,400 square feet on the main floor (paragraph 3) on a lot meeting the minimum size requirements of paragraph 6. Given the rule that any use not expressly prohibited is permitted, *Statham*, supra, since there is no express restriction against lot subdivision but there is a provision specifying minimum lot sizes, we must conclude that subdivision is permitted provided these minimum lot restrictions are honored. See generally *Holbrook v. Davison*, 258 Ga. 844, 846 (1) (375 SE2d 840) (1989). Contrary to appellants' assertions, we find no ambiguity in the differing terms used in paragraphs 1 and 6. Although the use of a "lot" is restricted in paragraph 1 to construction of a single-family residence, paragraph 6 defines the minimum size for a "lot *or parcel*," (emphasis supplied), thus authorizing the subdivision of platted lots into parcels meeting the size requirements. See *Nakis v. Cross*, 246 Ga. 658 (272 SE2d 312) (1980).

Moreover, we disagree with appellants that the house placed by appellees on their subdivided parcel violates the restrictions against temporary structures. The clear import of paragraphs 1 and 2 is to preclude the use of mobile housing and of structures such as garages and barns that are not designed to be used as single-family residences. See *Garland v. Carnes*, 259 Ga. 263 (379 SE2d 782) (1989). The undisputed evidence shows that appellees placed a conventionally built residence on a permanent foundation constructed on the site and then renovated the structure for use as a single-family dwell-

ing. The fact that the structure was moved from another site does not mean it is of a "temporary character" as described in paragraph 2, because once it was placed on the foundation it became as permanent as any other house. Appellants' contention that the covenants require residences to be constructed onsite is similarly without merit, as paragraph 1 refers to buildings "erected, *altered*, [or] *placed*" (emphasis supplied) on the property. Accordingly, we hold the trial court properly granted appellees' summary judgment motion.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 3, 1992 —
RECONSIDERATION DENIED FEBRUARY 18, 1992 — 

*Hatcher, Johnson & Meaney, James A. Meaney III*, for appellants.

*Don Moore, Jr.*, for appellees.