## S98A1908. BESSER v. RULE et al.

(510 SE2d 530)

THOMPSON, Justice.

Richard D. Besser filed suit for damages against Kenneth P. Rule, William B. Shearer, Jr., Tamark Manufacturing, LLC, and Timber Products Holding Company, LLC, and also sought to enjoin Timber Products and Tamark Manufacturing from terminating his employment as manager of both companies. The trial court denied Besser's application for preliminary and permanent injunctive relief on grounds that he had an adequate remedy at law. Finding no error, we affirm.

Besser and LifePine Roofing Partners ("LifePine"), whose owners

---

were Rule and Shearer, entered into an operating agreement to form Timber Products. Pursuant to that agreement, LifePine owns a 65 percent interest in Timber Products and Besser owns a 35 percent interest. At the same time, Besser and Timber Products entered into an operating agreement to form Tamark Manufacturing. Under that agreement, Timber Products owns a 99 percent interest, and Besser owns a one percent interest in Tamark. Under both agreements, Besser was designated as the manager for each company and could be removed only for cause. The Timber Products agreement also contained certain "Put" and "Call" options, including an absolute right on the part of Timber Products or its assigns to purchase Besser's interest at any time pursuant to a specified formula purchase price. The differential in Besser's compensation for the exercise of the right to purchase, vis-a-vis his termination "for cause," is 15 percent.[1]

Timber Products assigned its right to purchase Besser's interest to LifePine. By letter dated December 17, 1997, LifePine notified Besser of this assignment and of its intent to exercise the Call rights and to purchase Besser's interest according to the purchase price as set forth in the Timber Products operating agreement.[2] Three other letters dated December 17, 1997, were sent to Besser in which Tamark and Timber Products terminated his employment as manager of each company for cause, restricted his access to the company facilities, and demanded payment of the balance of the capital owed by Besser to the companies pursuant to the operating agreements.

Besser filed the present multi-count complaint seeking damages for conversion, trespass, breach of the operating agreements (wrongful termination and removal as manager), specific performance, declaratory relief, punitive damages and expenses of litigation. Besser also sought a permanent injunction to require his reinstatement as manager of both Timber Products and Tamark. After a hearing, the trial court denied injunctive relief on the basis that Besser "has an adequate remedy at law pursuant to his claims for damages."

The discretion of the trial court in granting or denying interlocutory injunctive relief will not be interfered with in the absence of a showing of manifest abuse. *Bailey v. Buck,* 266 Ga. 405 (467 SE2d

---

[1] The relevant portion of the Timber Products agreement provides: "the Company shall have the right to purchase from Besser, and upon exercise of that right Besser shall sell to the Company (a "Call") all, but not less than all, of Besser's Member Interest then owned by Besser upon the occurrence of a Put Event [as defined therein] at the Purchase Price or at any time at the Purchase Price plus fifteen percent (15%) and in all events on the Terms defined below. This Call right may be assigned by the Company at any time. . . . A Call will be deemed a continuing Call and will become effective at such time in the future as the Call will not cause the Company to become or remain insolvent."

[2] LifePine has not yet closed its exercise of the "call" rights as provided for by the Timber Products Agreement because of the ongoing dispute between the parties as to the formula value of the buyout.

554) (1996); *Rife v. Corbett*, 264 Ga. 871 (455 SE2d 581) (1995). "[E]quitable relief is improper if the complainant has a remedy at law which is 'adequate,' i.e., 'as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity.'" *Sherrer v. Hale*, 248 Ga. 793, 797 (2) (285 SE2d 714) (1982).

Relying on *Sherrer v. Hale*, supra, Besser submits that he has no adequate remedy at law and injunctive relief is proper. In *Sherrer*, a shareholder's unilateral repurchase rights expired without being exercised. In holding that an injunction was proper, this Court stated that "[t]he loss of these positions and their influence over the future direction of the corporation in which [the plaintiff] has an interest is not compensable in damages." Id. at 798. Here, the facts differ in an important aspect, as assignee of Timber Products, LifePine could exercise its unilateral repurchase rights at any time despite Besser's misconduct or lack thereof. Thus, Besser is not entitled to maintain a position of influence over the companies. Since the Call rights under the operating agreement are still viable, an adequate remedy at law exists. The availability of money damages affords Besser an adequate and complete remedy, precluding the entry of injunctive relief. *Housing Auth. v. MMT Enterprises*, 267 Ga. 129 (475 SE2d 642) (1996); *Cantrell v. Henry County*, 250 Ga. 822 (301 SE2d 870) (1983).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 11, 1999 —
RECONSIDERATION DENIED FEBRUARY 8, 1999.

*Hunter, MacLean, Exley & Dunn, John M. Tatum, Mark D. Boynton,* for appellant.

*Inglesby, Falligant, Horne, Courington & Nash, Thomas A. Nash, Amy L. Copeland,* for appellees.