### S99A1171. DOUGLAS et al. v. WAGES et al.
(523 SE2d 330)

BENHAM, Chief Justice.

Appellants Ann and Michael Douglas own real property in the Satinwood subdivision in Guyton, Georgia. Appellees Douglas Wages, Elze Kennedy, and Samuel Bennett also own real property in the subdivision. In fact, the parties are the only families living in the subdivision, and all live on the same cul-de-sac. Each of the lots owned by appellants and Bennett is 1.69 acres, Kennedy's lot is 3 acres, and Wages' property is approximately 28 acres. In December 1997, appellants filed suit against their neighbors, seeking monetary damages for nuisance, breach of the subdivision's restrictive covenants, breach of the covenant of quiet enjoyment, and intentional infliction of emotional distress. In their complaint, appellants alleged that appellees operated motorized all-terrain vehicles, played loud music, and fired loaded weapons[1] on property located within the sub-

---

[1] At the hearing held on the request for injunctive relief, it was established that appellees had engaged in skeet shooting and target shooting.

division. Appellants sought a temporary and permanent injunction against appellees and, after a two-day hearing, the trial court denied appellants' request for temporary injunctive relief. They now appeal that ruling.[2]

Appellants' sole contention is that appellees' actions violated the subdivision's restrictive covenants as a matter of law, making the trial court's denial of appellants' request for temporary injunctive relief erroneous. The covenants at issue state that "[n]o lot shall be used except for residential purposes," and that "[n]o noxious or offensive activity shall be erected, maintained or conducted upon any lot or any party thereof, nor shall anything be done thereon which may be or may become an annoyance or nuisance in the neighborhood."

1. "The general rule is that the owner of land has the right to use it for any lawful purpose. Restrictions upon an owner's use of land must be clearly established and must be strictly construed. [Cit.] Moreover, any doubt concerning restrictions on use of land will be construed in favor of the grantee. [Cit.]" *Holbrook v. Davison*, 258 Ga. 844 (1) (375 SE2d 840) (1989). The first restriction clearly limits the use to which the property may be put to "residential purposes." *Elder v. Watts*, 252 Ga. 212 (312 SE2d 331) (1984). See also *Shoaf v. Bland*, 208 Ga. 709 (2) (69 SE2d 258) (1952). Accordingly, activities of a commercial nature would not be permitted. See *Taylor v. Smith*, 221 Ga. 55 (3) (142 SE2d 918) (1965); *Voyles v. Knight*, 220 Ga. 305 (2) (138 SE2d 565) (1964). Non-commercial recreational activities, however, are within the purpose of a residence and are permitted under the restrictive covenant. *Elder v. Watts*, supra.

2. The second restrictive covenant prohibits "noxious or offensive activity" or anything "which may be or may become an annoyance or nuisance. . . ." Such a provision "is too vague, indefinite and uncertain for enforcement in a court of equity by injunction, except in so far as these words may be included within the definition of a nuisance. . . ." *Seckinger v. City of Atlanta*, 213 Ga. 566 (2) (100 SE2d 192) (1957). OCGA § 41-1-1 defines "nuisance" as anything, lawful or unlawful, "that causes hurt, inconvenience, or damage to another,"

---

[2] This appeal was docketed in the Court of Appeals which, eight months after docketing, transferred the case to this Court on the ground that it invoked our appellate jurisdiction over equity cases. Appellants' sole enumeration of error, that the subdivision's restrictive covenants were violated as a matter of law, is a legal issue. The grant or denial of equitable relief that follows from the resolution of that legal issue is ancillary, making this an appeal over which this Court does not have initial appellate jurisdiction. *Pittman v. Harbin Clinic Prof. Assn.*, 263 Ga. 66 (428 SE2d 328) (1993). *Besser v. Rule*, 270 Ga. 473 (510 SE2d 530) (1999) should not be cited as authority supporting a finding of appellate jurisdiction of a particular type of case in this Court since this Court did not rule on the issue of its appellate jurisdiction in *Besser*. *Allen v. State*, 219 Ga. 777 (135 SE2d 885) (1964). Despite our lack of initial appellate jurisdiction, we have addressed the merits of appellants' appeal in the interest of judicial economy.

applying a reasonable person standard. Since the evidence did not demand a finding that the activities complained of constituted a statutorily-defined nuisance, the exercise of the trial court's discretion in refusing a temporary injunction will not be disturbed on appeal. *Dickson v. Warren Co.*, 183 Ga. 746 (189 SE 839) (1937).

*Judgment affirmed. All the Justices concur, except Hunstein and Carley, JJ., who concur specially.*

SEARS, Justice, concurring.

I concur fully with the majority opinion, and I write separately only to highlight the special concurrence's mischaracterization of what actually occurred in the trial court. Contrary to what the special concurrence asserts, this is not a case where the availability of injunctive relief turned on "the trial court's exercise of its sound discretion in balancing the procedural benefit and detriment to the respective parties."[3] Rather, the record shows that the trial court's denial of injunctive relief turned on the resolution of *legal* issues — whether the actions complained of constituted a statutorily-defined nuisance, and whether those same actions violated the restrictive covenants *as a matter of law*. Nothing in the record indicates that the trial court engaged in a traditional "balancing of the equities" before denying the injunction sought. Furthermore, the only issues raised and resolved on appeal are legal; appellant asserts no equitable issues.[4] Consequently, this Court has no jurisdiction over this appeal.[5]

CARLEY, Justice, concurring specially.

I concur fully in the affirmance of the trial court's denial of an interlocutory injunction, but I do not agree with the majority's conclusion in footnote 2 that original appellate jurisdiction over this case lies in the Court of Appeals. I firmly believe that this appeal is clearly within this Court's "equity" jurisdiction and that we have the constitutional obligation to consider it.

We transferred *Pittman v. Harbin Clinic Professional Assn.*, 263 Ga. 66 (428 SE2d 328) (1993) to the Court of Appeals because "[t]he primary question to be answered . . . [was] whether the trial court properly construed the contracts." *Pittman* involved the trial court's non-discretionary rulings as to permanent injunctive relief. "[B]oth the orders enjoining the partners from violating their contracts and

---

[3] Special concurrence at 619.

[4] See *Beauchamp v. Knight*, 261 Ga. 608, 609 (409 SE2d 208) (1991) ("[W]hether an action is an equity case for the purpose of determining jurisdiction on appeal depends upon the issue raised on appeal, not . . . upon the kinds of relief which may have been sought by the complaint.").

[5] See *Pittman v. Harbin Clinic Prof. Assn.*, 263 Ga. 66 (428 SE2d 328) (1993).

the orders denying the injunctive relief were secondary to the principal issue of the construction of the contracts — an issue of law. [Cit.]" *Pittman*, supra at 66-67. However, this case involves a trial court's ruling on a request for *interlocutory* injunctive relief. Unlike a permanent injunction, the function of an interlocutory injunction is to preserve the status quo, rather than to make a final disposition of the case. *Ga. Canoeing Assn. v. Henry*, 263 Ga. 77 (428 SE2d 336) (1993). "The purpose of an interlocutory injunction is preliminary and preparatory; it looks to a future final hearing, and while contemplating what the result of that hearing *may be*, it does not settle what it *shall be*. [Cit.]" (Emphasis in original.) *Milton Frank Allen·Publications v. Ga. Assn. of Petroleum Retailers*, 223 Ga. 784, 788 (158 SE2d 248) (1967). On application for an interlocutory injunction, "there should be a balancing of conveniences and a consideration of whether greater harm might be done by granting than by refusing it. [Cit.]" *Parker v. West View Cemetery Assn.*, 195 Ga. 237, 244 (24 SE2d 29) (1943). " 'Generally, the trial court has broad discretion to decide whether to grant or deny an interlocutory injunction. (Cit.)' [Cit.]" *Hunter v. George*, 265 Ga. 573, 575 (3) (458 SE2d 830) (1995). As the majority concedes, this case comes within the general rule that an application for an interlocutory injunction invokes the trial court's exercise of its sound discretion in balancing the procedural benefit and detriment to the respective parties.

> While it has been held that when the grant or refusal is based upon a question of law, the rule as to discretion does not apply, nevertheless it is apparent in this case that the judge merely decided that under the facts an injunction was not required pending final trial.

*Parker v. West View Cemetery Assn.*, supra at 242. Thus, resolution of this appeal does not turn upon any legal issue, but upon the propriety of a discretionary ruling entered by the trial court solely in its capacity as a chancellor in equity. See *Besser v. Rule*, 270 Ga. 473 (510 SE2d 530) (1999). Compare *Saxton v. Coastal Dialysis & Medical Clinic*, 267 Ga. 177 (476 SE2d 587) (1996); *Augusta Eye Center v. Duplessie*, 234 Ga. App. 226 (506 SE2d 242) (1998). If the trial court erred, it was not because of any ruling on a legal issue. An appellate reversal would have to be based upon a holding that the trial court abused its discretion in ruling that, under the circumstances, the relative balance of equities militates against the grant of an interlocutory injunction. The Court of Appeals has absolutely no constitutional basis for exercising appellate jurisdiction over a case presenting such an equitable issue. "*This [C]ourt* will not disturb [the trial court's exercise of its] discretion unless it is abused or there is no evi-

dence to support the ruling. [Cit.]" (Emphasis supplied.) *Ga. Dept. of Agriculture v. Ga. Crown Distributing Co.*, 262 Ga. 761 (425 SE2d 876) (1993). Therefore, I concur in the affirmance of the trial court's equitable ruling, and firmly believe that, in so doing, we exercise the exclusive appellate jurisdiction conferred upon this Court by Article VI, Section VI, Paragraph III (2) of the Georgia Constitution of 1983.

I am authorized to state that Justice Hunstein joins in this special concurrence.

DECIDED NOVEMBER 1, 1999.

*Kicklighter & Persse, Claude M. Kicklighter, Jr., Robert L. Persse,* for appellant.

*Cheek & Thompson, Ronald K. Thompson, Godlove & Carellas, William H. Godlove,* for appellee.