A02A1272. LAKE ARROWHEAD PROPERTY OWNERS
ASSOCIATION, INC. et al. v. DALTON.
(572 SE2d 25)

POPE, Senior Appellate Judge.

Lake Arrowhead is a private, gated community located in Cherokee County, which was developed by Purcell Company, Inc. Property within the development is subject to an extensive "Declaration of Covenants and Restrictions for Lake Arrowhead." Included among these covenants is a provision stating that "[n]o signs, billboards or advertising structures of any kind shall be allowed on any lot," without the written permission of Purcell. Purcell, however, expressly reserved the right to use its own signs, billboards or advertising as "reasonably necessary" to provide for the sale of the property.

Clay H. Dalton is a real estate agent and property owner at Lake Arrowhead. Dalton conducts his real estate business primarily within the Lake Arrowhead development, and he admitted that as part of his business he placed real estate signs on lots within Lake Arrowhead that had been listed with him for sale. It is undisputed that Dalton did not place any signs upon his own Lake Arrowhead lot, but only upon lots belonging to other property owners.

Purcell, along with Lake Arrowhead Property Owners Association, Inc. and Lake Arrowhead Yacht & Country Club, Inc.,[1] filed a complaint, seeking to enjoin Dalton from placing his real estate signs on lots within Lake Arrowhead in violation of the sign covenant. Dalton denied any violation of the covenants, and the matter proceeded to a bench trial. The trial court found that Dalton did not have permission from Purcell to place his signs on the lots, but denied the injunction. The trial court determined that the covenant prohibited only the "allowance" of signs upon Lake Arrowhead lots, and thus was directed at the property owner of any lot in question. Because it was undisputed that Dalton only placed signs on the property of

---

[1] Lake Arrowhead Property Owners Association is a corporation whose members are the owners of lots within Lake Arrowhead. Lake Arrowhead Yacht & Country Club is a corporation that manages the common property within the development.

others, the court found that Dalton was not the party violating the covenant, but was simply the agent of the lot owner and could not be enjoined. The plaintiffs appeal.

1. The plaintiffs assert that the trial court construed the covenant too narrowly in finding that, despite the fact that Dalton owned property in Lake Arrowhead, he could not be enjoined from violating the covenants anywhere within the development.

To address this argument, we must examine the language of the covenant, and if any ambiguity exists, we must construe any doubt in favor of Dalton:

> Because restrictive covenants are simply specialized contracts that run with the land, we begin by looking at the language of the covenants in question. In so doing, we bear in mind that since restrictions on private property are generally not favored in Georgia, they will not be enlarged or extended by construction, and any doubt will be construed in favor of the grantee.

(Punctuation and footnotes omitted.) *Duffy v. Landings Assn.*, 245 Ga. App. 104, 106-107 (536 SE2d 758) (2000). Therefore, "[r]estriction on the use of land must be clearly established, not only as to the restrictions, but also as to the land restricted, and restrictions will be strictly construed." (Citations omitted.) *Roth v. Connor*, 235 Ga. App. 866, 867 (1) (a) (510 SE2d 550) (1999).

After reviewing the Declaration, we agree with the trial court that the prohibition against signs binds each property owner as to that owner's individual lot and does not extend the property owner's obligations to other lots within the development. As the trial court found, the use of the term "allow" implies that the covenant is meant to bar those with the authority to allow signs on the property, i.e., the property owners. And to the extent that this meaning is not clear from the language of the covenant, we must construe any such ambiguity in favor of Dalton. Accordingly, if any of Dalton's signs were placed on another's lot in violation of the covenant, it would be the lot owner who violated the covenant and not Dalton, who had no authority over such property. Nor do we find any merit in plaintiffs' argument that Dalton should be enjoined in his capacity as agent for the property owners from placing signs on Lake Arrowhead lots.

2. The plaintiffs also assert that the trial court's order found that the property owners were indispensable parties to the litigation, and thus that the trial court erred in denying the injunction without first giving them time to add the property owners as defendants. We do not read the trial court's order as holding that the property owners were indispensable parties to this litigation. Rather, the trial court

simply acknowledged that no injunction could issue against Dalton as to property over which he had no ownership or control.

*Judgment affirmed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 30, 2002.

*Robert M. Dyer*, for appellants.

*Meadows, Ichter & Trigg, Michael J. Bowers, David J. Marmins, Richard A. Jones*, for appellee.