## A09A2108. CHARTER CLUB ON THE RIVER HOME OWNERS ASSOCIATION v. WALKER.

(689 SE2d 344)

MIKELL, Judge.

Appellee Constance Walker purchased a home located at 885 Charter Club Drive on September 23, 2004. At the time of the purchase, the Charter Club Home Owners Association's Declaration of Protective Covenants (the "Declaration"), which was filed in the Gwinnett County Superior Court on June 29, 1994, permitted home owners to lease their residences. On May 11, 2005, however, appellant Charter Club Home Owners Association ("Charter Club") passed an amendment to the Declaration to prohibit the leasing of residences (the "Amendment"). At that time, Walker had already leased her home to four students and continued to lease her home after that lease expired.

After Charter Club assessed several fines against Walker for various violations of the Declaration, Walker brought the instant action, alleging, inter alia, breach of contract, nuisance, and unjust enrichment. Charter Club answered and filed a counterclaim requesting that the court require Walker to evict her tenants and order Walker to pay various fines for violating the Declaration. Cross-motions for summary judgment were filed, and Charter Club filed a motion for a temporary restraining order and interlocutory injunction. The trial court granted Walker's motion in part as to the counterclaims filed by Charter Club and denied Charter Club's motions. Charter Club appeals the trial court's rulings,[1] and we affirm.

At issue in this case is the construction of OCGA § 44-5-60 (d) (4), which provides, in pertinent part, that "no change in the covenants which imposes a greater restriction on the use or devel-

---

[1] Charter Club asserts as error the denial of its motion for an injunction but offers no argument, citation to the record, or citation of authority in support thereof. Thus, this claimed error is deemed abandoned. Court of Appeals Rule 25 (c) (2).

opment of the land will be enforced unless agreed to in writing by the owner of the affected property at the time such change is made." The trial court ruled that OCGA § 44-5-60 (d) (4) rendered the amendment to the Declaration inapplicable to Walker because it imposed a greater restriction on Walker's use of the land to which she did not consent. Charter Club argues that the statute does not apply because the amendment does not impose a greater restriction on the land; rather, it imposes an occupancy restriction. We agree with the trial court and affirm.

In construing OCGA § 44-5-60 (d) (4), "we apply the fundamental rules of statutory construction that require us to construe a statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage."[2] In our review of restrictive covenants, we are mindful that

> [t]he general rule is that the owner of land has the right to use it for any lawful purpose. Restrictions upon an owner's use of land must be clearly established and must be strictly construed. Moreover, any doubt concerning restrictions on use of land will be construed in favor of the grantee[,][3]

because restrictions on private property are not favored in Georgia.[4] As such, they will not be enlarged or extended by construction.[5]

The pertinent portion of the Declaration at issue here is Section 5 of Article VI, entitled "Use, Restrictions and Rules," which provides simply that "[r]esidences may be leased for residential purposes."[6] The amended Section 5 provided, in pertinent part, as follows:

> Section 5. *Leasing*. . . . Except as provided herein, *the leasing of the [r]esidence is prohibited*. The Board shall have the power to make and enforce reasonable rules and regulations and to fine, in accordance with the Declaration and By-laws, in order to enforce the provisions of this Paragraph.

---

[2] (Citation and punctuation omitted.) *Mills v. Allstate Ins. Co.*, 288 Ga. App. 257, 258 (653 SE2d 850) (2007).

[3] (Punctuation omitted.) *Douglas v. Wages*, 271 Ga. 616, 617 (1) (523 SE2d 330) (1999), citing *Holbrook v. Davison*, 258 Ga. 844, 845 (1) (375 SE2d 840) (1989). See also *Westpark Walk Owners v. Stewart Holdings, LLC*, 288 Ga. App. 633, 636 (2) (655 SE2d 254) (2007).

[4] *Lake Arrowhead Property Owners Assn. v. Dalton*, 257 Ga. App. 655, 656 (1) (572 SE2d 25) (2002).

[5] Id.

[6] Also contained in Section 5 were the term requirements for the leases, a provision that the tenants should abide by the Declaration, and the penalties to an owner for a tenant's failure to do so.

(a) *Definitions*. . . . (ii) "[g]randfathered owner" means an [o]wner of a [r]esidence on the date this document is recorded. . . . (iv) "Leasing" means the regular exclusive occupancy of a [r]esidence by any person(s) other than: (1) the [o]wner or a parent, child or spouse of the [o]wner, or (2) a person who occupies the [r]esidence with the [o]wner or parent, child or spouse of the [o]wner, so long as such [o]wner or parent, child or spouse of the [o]wner is occupying the [r]esidence as his or her primary residence. (b) *Leasing Restriction*. No [o]wner of a [r]esidence may lease his or her [r]esidence unless: (1) the [o]wner is a [g]randfathered [o]wner, or (2) the [o]wner is not a [g]randfathered [o]wner but has received a hardship leasing permit from the [b]oard as provided below.[7]

While the amended Section 5 redefines "leasing" and limits who can occupy the residence, we agree with the trial court's reasoning that it goes beyond a mere restriction on occupancy. The Amendment prohibits a specific use of the property, i.e., residential leasing to anyone chosen by the owner, which was specifically within Walker's ownership rights when she purchased the property. For this specific reason, OCGA § 44-5-60 (d) renders the Amendment inapplicable to Walker. We point out that the statute does not condemn all amendments to restrictive covenants; rather, it simply provides that owners must consent to those amendments that further restrict the use of their property. Accordingly, as Walker did not consent to the amendment, the trial court's conclusion that the amendment was not applicable to her is correct.

Charter Club argues that because the original Declaration contained a provision that allowed amendments to the Declaration with the appropriate number of votes, to which Walker agreed, the statute does not protect her. But the plain language of the statute clearly contemplated amendments to declarations when it provided that "no *change* in the covenants . . . will be enforced."[8] Additionally, when construing restrictive covenants, we are required to "consider the entire document and not merely the provision in question."[9] "Restrictive covenants will be construed to carry out the intention of the parties, if that intention can be ascertained from a consideration

---

[7] (Emphasis supplied.) The parties agree that Walker's original lease was a "grandfathered" lease and thus is not at issue here, but any subsequent lease was not considered to be "grandfathered."

[8] (Emphasis supplied.) OCGA § 44-5-60 (d) (4).

[9] (Citation omitted.) *Licker v. Harkleroad*, 252 Ga. App. 872, 874 (2) (a) (558 SE2d 31) (2001).

of the whole instrument."[10] As the trial court wrote in its order:

> The argument by [Charter Club] that the Amendment imposed a mere occupancy restriction that was not a "use restriction" flies in the face of the language of the document itself. The provision on leasing is contained within Article VI, "Use Restrictions and Rules." By definition, the parties have agreed that the Leasing provision in Section 5, whether the original version or the amended version, is a "Use Restriction." [Charter Club] itself distinguished between the "Leasing" restriction and restrictions on occupancy when the Amendment also added Article VI, Section 33 governing occupancy,[11] and [Charter Club] will be held to the language of its own Amendment.

Accordingly, we affirm the trial court's grant of summary judgment to Walker.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 3, 2009 —
RECONSIDERATION DENIED JANUARY 8, 2010 — 

*Weissman, Nowack, Curry & Wilco, George E. Nowack, Jr., Jason A. LoMonaco, Kristin P. Killeen,* for appellant.

*Lipshutz & Greenblatt, Randall M. Lipshutz, Jody L. Peskin,* for appellee.

*Hyatt & Stubblefield, Wayne S. Hyatt, JoAnne P. Stubblefield,* amici curiae.

---

[10] (Citation omitted.) *Westpark Walk Owners,* supra.

[11] Section 33 limited the maximum number of occupants in a residence to two people per bedroom.