**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**January 23, 2024**

# In the Court of Appeals of Georgia

A23A1709. MOYE v. NORTHHAVEN HOMEOWNERS ASSOCIATION, INC.

DILLARD, Presiding Judge.

Kenneth Moye appeals the trial court's grant of a declaratory judgment in favor of the NorthHaven Homeowners Association and the denial of his request for same in their dispute over whether Moye's construction of his residence in the NorthHaven subdivision is exempt from certain covenants in the HOA's "Declaration of Covenants, Conditions, Restrictions, and Easements for North Haven Subdivision." Specifically, Moye argues the trial court erred because it failed to consider the entire Declaration or whether the pertinent language was ambiguous. He also claims the court failed to properly apply the rules of contract construction. For the following reasons, we reverse the trial court's grant of a declaratory judgment to the HOA,

reverse its denial of Moye's motion for same, and remand this case for further proceedings consistent with this opinion.

L. E. Thames was the developer of the NorthHaven subdivision in Macon, Georgia; and in 1999, he executed the Declaration at issue to be adopted by the HOA. At the time the Declaration was executed, Thames's lot—referred to as "Tract One"—was the only one containing a residence. Indeed, all other lots located in the subdivision were vacant and undeveloped. And relevant here, Article VIII, Section 17, Paragraph (n) (6) (the "exemption provision") provides as follows:

> The property designated "Tract One" on the recorded Subdivision plat referenced in Exhibit "A" has located thereon an existing single family residence known as 100 Primrose Walk. Any and all prerequisites set forth in this Declaration *regarding the initial construction and erection of improvements theron shall not apply to "Tract One.*" However, this property is intended to be a part of NorthHaven Subdivision. Its *owners*, as members hereof, and the *ownership* of the same *shall be bound* by and subject to all terms and conditions prevalent *after construction*. In this connection, for all purposes of counting the total number of lots in NorthHaven Subdivision, said Subdivision shall include a total of 43 lots being "Tract One" and lots enumerated 1 through 42 on Subdivision plat.[1]

_____

[1] (Emphasis supplied).

At some point after the Declaration went into effect, Thames's house—which was located on Tract One—burned down, and the lot was eventually cleared. Then, in 2010, when Moye purchased Tract One, it was vacant with no house or other structure on it. Years later, in 2021, Moye submitted plans to build a residence on Tract One to the Architectural Control Committee, and the plans were "apparently approved."

After Moye began building the home, the HOA sued him, alleging that he was in violation of certain construction provisions in the Declaration and seeking a declaratory judgment to enforce them.[2] The HOA contended Moye had a duty to abide by the covenants in the Declaration and "should be subject to the restrictions and requirements therein, including but not limited to restrictions and controls *related to construction*."[3] Moye filed an answer, denying many of the complaint's allegations and seeking a declaratory judgment that he was *not* subject to the Declaration's

---

[2] The complaint also sought an interlocutory injunction, temporary restraining order, and mandatory injunction. But during the pendency of the litigation, the parties consented to the imposition of an interlocutory injunction, preventing further construction on Tract One until two weeks following the entry of the trial court's judgment. As a result, the trial court's grant of a declaratory judgment to the HOA and denial of same to Moye are the only rulings at issue on appeal.

[3] (Emphasis supplied).

provisions related to construction. Essentially, the parties disagreed as to whether the exemption provision, detailed *supra*, exempted the construction of Moye's home—to be located on Tract One—from covenants in the Declaration related to the construction of his residence or any other structures built on the property. Ultimately, after holding a hearing on the matter, the trial court issued a declaratory judgment in favor of the HOA, finding that Moye's lot was subject to Declaration provisions applicable to construction. Accordingly, the trial court denied Moye's request for a declaratory judgment that those provisions did not apply to any structure built on Tract One. This appeal follows.

In Georgia, a trial court's findings of fact after a declaratory-judgment hearing are "analogous to a jury verdict and will not be interfered with if there is any evidence

to support them."[4] But we review the trial court's conclusions of law *de novo*,"[5] and "the construction of a contract is a question of law for the court."[6]

Relevant here, restrictive covenants are "specialized contracts that run with the land."[7] And as with other contracts, the interpretation of a restrictive covenant is a "three-step process."[8] Specifically, the first step is "to decide whether the language

[4] *Brown v. Brown*, 359 Ga. App. 511, 517 (1) (857 SE2d 505) (2021) (punctuation omitted); *accord Strange v. Towns*, 330 Ga. App. 876, 876 (769 SE2d 604) (2015); *cf. Lowry v. Hamilton*, 268 Ga. 373, 374 (2) (489 SE2d 827) (1997) ("The findings of fact in a nonjury trial are analogous to a jury verdict and will not be interfered with if there is any evidence to support them.").

[5] *See Brown*, 359 Ga. App. at 517 (1) (punctuation omitted); *accord Strange*, 330 Ga. App. at 876; *see Unified Gov't of Athens-Clarke Co. v. Stiles Apartments, Inc.*, 295 Ga. 829, 832 (1) (764 SE2d 403) (2014) ("[W]e review the trial court's construction of a contract de novo.").

[6] *See Copeland v. Home Grown Music, Inc.*, 358 Ga. App. 743, 748 (1) (856 SE2d 325) (2021) (punctuation omitted); *accord Shields v. RDM, LLC*, 355 Ga. App. 409, 413 (1) (844 SE2d 297) (2020); *see Unified Gov't of Athens-Clarke Co.*, 295 Ga. at 832 (1) ("Generally, contract construction is a question of law for the court.").

[7] *Gilbert v. Canterbury Farms, LLC*, 346 Ga. App. 804, 810 (3) (815 SE2d 303) (2018) (punctuation omitted); *accord Skylake Prop. Owners Ass'n, Inc. v. Powell*, 281 Ga. App. 715, 716 (1) (637 SE2d 51) (2006); *see Bickford v. Yancey Dev. Co.*, 276 Ga. 814, 816 (3) (585 SE2d 78) (2003) ("In the area of real property law, rights and restrictions relating to covenants that run with the land must be certain and unequivocal.").

[8] *Gilbert*, 346 Ga. App. at 810 (3); *Powell*, 281 Ga. App. at 716 (1); *see Langley v. MP Spring Lake, LLC*, 307 Ga. 321, 323 (834 SE2d 800) (2019) (noting that the

of the contract is clear and unambiguous."[9] If so, the contract is "enforced according to its plain terms, and the contract alone is looked to for meaning."[10] Next, if the language of the contract is ambiguous in some respect, the rules of contract construction "must be applied by the court to resolve the ambiguity."[11] Finally, if ambiguity remains after applying the rules of construction, the issue of "what the ambiguous language means and what the parties intended must be resolved by a jury."[12] Importantly, when the language of a contract is plain and unambiguous, "judicial construction is not only unnecessary but forbidden."[13] Lastly, to the extent

---

familiar framework of contract construction involves three steps).

[9] *Copeland*, 358 Ga. App. at 748 (1) (punctuation omitted); *accord Langley*, 307 Ga. at 323 ; *Shields*, 355 Ga. App. at 413 (1).

[10] *Copeland*, 358 Ga. App. at 748 (1) (punctuation omitted); *accord Langley*, 307 Ga. at 323; *Shields*, 355 Ga. App. at 413 (1).

[11] *Copeland*, 358 Ga. App. at 748 (1) (punctuation omitted); *accord Langley*, 307 Ga. at 323; *Shields*, 355 Ga. App. at 413 (1).

[12] *Copeland*, 358 Ga. App. at 748 (1) (punctuation omitted); *accord Langley*, 307 Ga. at 323; *Shields*, 355 Ga. App. at 413 (1).

[13] *SPI Holdco, LLC v. Mookerji*, 361 Ga. App. 449, 453 (1) (864 SE2d 633) (2021) (punctuation omitted); *accord Six Flags Over Ga. v. Kull*, 276 Ga. 210, 211 (576 SE2d 880) (2003).

an ambiguity in a contract exists, we resolve it "by applying the statutory rules of construction to ascertain the intent of the parties."[14]

Turning to the instant dispute, Moye argues the trial court erred in granting the HOA's request for a declaratory judgment and denying his own because it failed to consider the entire Declaration or whether the pertinent language was ambiguous, and it failed to properly apply the rules of contract construction. We agree.

Both parties and the trial court acknowledge that construction and application of the exemption provision in the Declaration is dispositive of this dispute. According to Moye, the provision exempts his lot—Tract One—from any covenants or requirements under the Declaration related to the *construction* of a residence or other improvements, but not those applicable after construction. But the HOA argues—and the trial court found—that the exemption provision does not exempt Moye's home or lot from *any* covenant in the HOA's Declaration because it applied only to

---

[14] *Willesen v. Ernest Commc'ns, Inc.*, 323 Ga. App. 457, 459 (1) (746 SE2d 755) (2013); *see Magnetic Resonance Plus, Inc. v. Imaging Sys. Int'l*, 273 Ga. 525, 526 (1) (543 SE2d 32)(2001) (explaining that a "jury question arises only when there appears to be an ambiguity in the contract which cannot be negated by the court's application of the statutory rules of construction." (punctuation omitted)).

Thames's residence, which was already built when the subdivision Declaration was executed.

Suffice it to say, this Court is only concerned with the plain language of the Declaration provision at issue unless it is ambiguous. And here, the first portion of the exemption provision provides as follows:

> The property designated "Tract One" on the recorded Subdivision plat referenced in Exhibit "A" has located thereon an existing single family residence known as 100 Primrose Walk. Any and all prerequisites set forth in this Declaration regarding the *initial construction and erection of improvements* theron *shall not apply to "'Tract One.'"*[15]

Importantly, the first sentence plainly and unambiguously *describes* the tract of land to which the exemption applies—it is the recorded plat referenced in Exhibit A and it contains a single family residence. And both parties agree the land described as Tract One was initially owned by Thames (the subdivision developer) and is currently owned by Moye. Then, the provision plainly and unambiguously provides that any prerequisites in the Declaration applicable to construction and erection of improvements shall not apply to *Tract One.* And while the exemption provision

---

[15] (Emphasis supplied).

references Thames's residence in *describing* Tract One, its plain language provides that the construction prerequisites shall not apply to *Tract One* itself, thus exempting all structures built on the tract in the future.

Nevertheless, the HOA contends that the "mention of" or "reference to" the 100 Primrose Walk residence supports its view that the exemption provision is limited to that residence. But simply referencing this residence to *describe* Tract One does not negate the provision's express language in the next sentence that the Declaration's prerequisites for construction do not apply to Tract One, not just the pre-existing residence. The HOA also contends the phrase "initial construction" means the exemption only applies to the home that existed on Tract One at the time the Declaration was executed. But the exemption provision does not limit that phrase to the initial construction of *Thames's* home or any pre-existing structure. And without such a limitation, the exemption broadly applies to *any* initial construction of a structure or improvement on Tract One. [16]

[16] *See Greenberg Farrow Architecture, Inc. v. JMLS 1422, LLC*, 339 Ga. App. 325, 330 (1) (791 SE2d 635) (2016) (holding that absent language in an agreement limiting the scope of operations on which profits would be allocated, the phrase "profits of operation relating to the parking lot" encompassed the profits on *all* parking spaces on the deck (excluding certain spaces subject to an easement)); *Ayers v. Ass'n of Cnty. Comm'rs of Ga.-Interlocal Risk Mgmt. Agency*, 332 Ga. App. 230, 239 (2) (771 SE2d

Next, the provision at issue further clarified Tract One's exemption by detailing which covenants its owners *would* be bound by. Specifically, it provides that:

> [Tract One] is intended to be a part of NorthHaven Subdivision. Its *owners*, as members hereof, and *the ownership* of the same *shall be bound by* and subject to all terms and conditions prevalent *after construction*. In this connection, for all purposes of counting the total number of lots in NorthHaven Subdivision, said Subdivision shall include a total of 43 lots being "Tract One" and lots enumerated 1 through 42 on Subdivision plat.[17]

Significantly, in describing the covenants that *would apply* to Tract One, the provision clarifies that those covenants would bind any of its *owners*, not just the tract generally like the exemption. Needless to say, the plain language of the exemption provision drafted by Thames provides that it applies to Tract One itself, not solely to Thames's

---

743) (2015) (explaining that absent "clear and precise" language of an exclusion, none exists).

[17] (Emphasis supplied).

pre-existing residence.[18] And this comports with the general rule that restrictive covenants run with the land.[19]

Even so, the HOA maintains that, under the theory of implied covenants, Moye's tract must be subject to all prerequisites for construction delineated in the Declaration. But the theory of implied covenants "does not apply when the subject at issue is expressly covered by the contract."[20] Regardless, to the extent the exemption provision can possibly be interpreted as being ambiguous as to whether it

---

[18] In addition to arguing that the plain language of the exemption provision supports the trial court's judgment, the HOA contends other circumstances warranted the court's grant of the declaratory judgment. For example, it asserts that (1) absent the judgment, Moye would have the potential to "wreak havoc" in an established neighborhood; (2) Tract One is "smack-dab" in the middle of a well-established platted residential subdivision; and (3) exempting Moye from the provisions at issue would prove disruptive as it would allow a lot to be converted to commercial use. But as explained *supra*, when interpreting the provisions of a contract, we look only to the plain *language* of the relevant provisions, not to any potential negative impacts that language might have on a party. *See supra* notes 9-10 & accompanying text.

[19] *See supra* note 7 & accompanying text.

[20] *Overlook Gardens Properties, LLC v. Orix, USA, LP*, 366 Ga. App. 820, 826 (1) (a) (i)(884 SE2d 433) (2023) (punctuation omitted); *accord The Rainmaker Group Ventures v. Bellack,* 354 Ga. App. 847, 851 (841 SE2d 738) (2020); *see Automatic Sprinkler Corp. of Am. v. Anderson*, 243 Ga. 867, 868 (257 SE2d 283) (1979) ("There can be no breach of an implied covenant of good faith where a party to a contract has done what the provisions of the contract expressly give him the right to do.")

applies to Tract One (rather than only to Thames's original residence), we must construe it in Moye's favor. Indeed, as to this particular contract, we must bear in mind "the general rule that the owner of land has the right to use it for any lawful purpose and that Georgia law does not favor restrictions on private property."[21] And

---

[21] *Davista Holdings, LLC v. Cap. Plaza, Inc.*, 321 Ga. App. 131, 133 (741 SE2d266) (2013) (punctuation omitted); *see Holbrook v. Davison*, 258 Ga. 844, 845 (1) (375 SE2d 840)(1989) ("The general rule is that the owner of land has the right to use it for any lawful purpose. Restrictions upon an owner's use of land must be clearly established and must be strictly construed. Moreover, any doubt concerning restrictions on use of land will be construed in favor of the grantee." (citation omitted)); *Spencer v. Poole*, 207 Ga. 155, 155 (1) (60 SE2d 371) (1950) (explaining that the general rule is that the owner of land has the right to use it for any lawful purpose and any claim that there are restrictions on land use must be clearly established); *Pasha v. Battle Creek Homeowners Ass'n, Inc.*, 350 Ga. App. 433, 437 (1) (829 SE2d 618 (2019) ("[I]f the intent of the parties cannot be discerned from the document as a whole, any ambiguity must be strictly construed in favor of the property owner, inasmuch as restrictions on private property are generally not favored in Georgia, and generally speaking, an owner of land has the right to use it for any lawful purpose. Consequently, restrictions upon an owner's use of land must be clearly established, and covenants restricting the use of real property may not be enlarged or extended by judicial construction." (punctuation and footnote omitted)); *Summerour v. City of Marietta*, 338 Ga. App. 259, 262 (788 SE2d 921) (2016), *reversed in part on other grounds by City of Marietta Summerour*, 302 Ga. 645 (807 SE2d 324)(2017) (noting that private property rights are among the most basic of human rights, and that it is the charge of the courts to defend them vigilantly) (cleaned up)); *Charter Club on River Home Owners Ass'n v. Walker*, 301 Ga. App. 898, 899 (689 SE2d 344) (2009) ("[T]he general rule is that the owner of land has the right to use it for any lawful purpose. . . . [R]estrictions on private property are not favored in Georgia." (punctuation omitted)).

restrictions on an owner's use of land must be clearly established and strictly construed.[22] As a result, any doubt concerning restrictions on the use of land must be construed in favor of the grantee.[23]

For all these reasons, we reverse the trial court's grant of a declaratory judgment in favor of the HOA, reverse its denial of Moye's request for same, and remand this case for the trial court to issue a declaratory judgment in a manner consistent with this opinion.

*Judgment reversed and remanded with direction. Rickman and Pipkin, JJ., concur.*

---

[22] *See supra* note 21 & accompanying text.

[23] *See supra* note 21 & accompanying text.