**FOURTH DIVISION**
**MCFADDEN, P. J.,**
**WATKINS and PADGETT, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**June 26, 2026**

# In the Court of Appeals of Georgia

A26A0623. ANDERSON v. TOLOMATO ISLAND PROPERTY OWNERS ASSOCIATION, INC.

MCFADDEN, Presiding Judge.

This action concerns the rights and obligations imposed by a declaration of covenants and restrictions ("the Declaration") in connection with property owner Steven Anderson's effort to get approval from the Tolomato Island Property Owners Association, Inc. ("the Association") to build a house across two adjacent lots in McIntosh County that are subject to the Declaration. Anderson, who had obtained a survey combining the lots that he filed with McIntosh County, sought declaratory relief in the form of a declaration "that the Declaration does not prohibit approval of structures across lot lines on the Original Plat once McIntosh County approves changes in the Original Plat lot lines." Holding that "the Declaration would not

permit construction of a residence" on the combined lot, the trial court granted summary judgment to the Association and denied summary judgment to Anderson.

As detailed below, the plain language of the Declaration does not prohibit approval of Anderson's proposed construction even though the house would cross the lot lines depicted on the original plat, and Anderson was entitled to a declaration to that effect. So we reverse the trial court's order granting summary judgment to the Association and denying summary judgment to Anderson as to the specific requested declaratory relief.[1]

In his complaint, Anderson also sought injunctive relief. Given the trial court's ruling on his request for declaratory relief, the trial court did not address Anderson's entitlement to injunctive relief and may do so on remand.

1. *Facts*

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from an order either granting or denying summary judgment[.]" *Smithers v. Tweedy*, 375 Ga. App. 877 (917 SE2d 853) (2025). On appeal

---

[1] We take no position on whether construction of the house might be disapproved for other reasons.

from an order deciding cross-motions for summary judgment, "we view the evidence in the light most favorable to the nonmovants." *Omstead v. BPG Inspections*, 319 Ga. 512, 513(1) (903 SE2d 7) (2024) (quotation marks omitted).

So viewed, the evidence shows that on April 28, 2023, Anderson bought three adjacent lots in McIntosh County. The lots were depicted on a recorded plat of the "Tolomato Island – Phase I – The Thicket" subdivision and were subject to the Declaration.

The Declaration requires approval from an Architectural Review Board, or "ARB," for construction on lots.[2] Around the time Anderson bought his lots, a dispute arose between the Association and the ARB regarding the ARB's power to allow owners of adjacent lots, "at the owner's option," to construct houses across the boundary lines of their lots by combining their lots to eliminate side setbacks between the lots.

The Association construed the Declaration to prohibit the ARB from giving property owners the ability to combine lots, "at the owner's option," citing a provision in the Declaration requiring the declarant to consent to boundary line

---

[2] There are some exceptions to this requirement that are not relevant to this case.

3

changes. That provision, Article 10.15, states: "Without the Declarant's prior written consent, no Lot shall be subdivided *or its boundary lines changed* after a subdivision plat depicting the Lot has been approved and filed in the Public Records." (Emphasis supplied.)[3] A "Lot," as defined in Article 1.20 of the Declaration, is a portion of the real property subject to the Declaration, "whether improved or unimproved, which may be independently owned and conveyed and which is intended for development, use, and occupancy as a residence for a single family."

In May 2023, Anderson's counsel informed the Association's counsel that he intended to apply to McIntosh County to have two of his lots replatted as a single lot and then to seek approval from the ARB to build a house across the original boundary line between those two lots, and the Association opposed the plan as contrary to the terms of the Declaration. Anderson went forward with the plan, obtaining a survey combining the two lots into one (the "combined lot") and filing it with McIntosh County. There is no evidence that he sought or obtained written consent from the declarant before doing so. The county took the position that, assuming other

---

[3] The Declaration defines the "declarant" as Tolomato Partners, LLLP, or its successors or assignees, and "public records" as the official records of the Clerk of McIntosh County.

requirements were met, it would be willing to issue a building permit for the combined lot even if the Association did not approve construction and that "issues" between Anderson and the Association were "not the [c]ounty's concern."

Anderson applied twice to the ARB for approval of his plan to build the house on the combined lot, across the original lot line. The ARB declined to approve the plan on the ground that the Declaration did not permit it. In support of this position, the ARB cited Article 10.15's requirement that the declarant give written consent to change boundary lines. During this time, the Association held a vote of membership on a proposed amendment to the Declaration to allow owners of contiguous lots to combine the lots to create a single building site, but the amendment did not pass.

On July 16, 2024, Anderson filed the underlying action for declaratory and injunctive relief. In his claim for declaratory relief, he asserted that uncertainty existed with regard to his right under the Declaration to build a house on the combined lot, across the original lot line, and with regard to the Association's ability to deny approval of such construction once McIntosh County approved the combined lot. He asked the trial court to declare "that the Declaration does not prohibit approval of structures across lot lines on the Original Plat once McIntosh County approves

changes in the Original Plat lot lines." In his claim for injunctive relief, he asked the trial court to enjoin the Association "from further denials of site plan approval to [Anderson] on the basis that the location crossing lot lines shown on the Original Plat is not permitted by the Declaration."

The parties filed cross-motions for summary judgment. The trial court stated that Anderson sought a declaration that the Declaration "does not prohibit [the Association] from approving plans to build a residence on the combined lot." Reasoning that "the Declaration, given its plain and ordinary meaning, *prohibits* the construction of a residence on two lots as [Anderson] intended[,]" the trial court granted summary judgment to the Association and denied summary judgment to Anderson. (Emphasis supplied.)

2. *Request for declaratory relief with regard to the Declaration*

"The declaration of a homeowners' association … is considered a contract, and we therefore apply the normal rules of contract construction to determine the meaning of the terms therein." *Pasha v. Battle Creek Homeowners Ass'n*, 350 Ga. App. 433, 436(1) (829 SE2d 618) (2019) (quotation marks omitted). If the terms are clear and unambiguous, we attribute to them their plain meaning. Id. If the terms are

ambiguous, we must attempt to discern the parties' intent from the document as a whole, construing ambiguities in favor of the property owner. Id. at 436-37(1). Importantly,

> restrictions on private property are generally not favored in Georgia, and generally speaking, an owner of land has the right to use it for any lawful purpose. Consequently, restrictions upon an owner's use of land must be clearly established, and covenants restricting the use of real property may not be enlarged or extended by judicial construction.

Id. at 437(1) (citation modified). Accord *Lake Arrowhead Prop. Owners Ass'n v. Dalton*, 257 Ga. App. 655, 656(1) (572 SE2d 25) (2002).

The parties both assert that the language of the Declaration is unambiguous, but they disagree as to its meaning. Anderson argues that the Declaration does not contain an express restriction against a property owner building a house across the boundary lines reflected on the original filed plat. The Association argues that Article 10.15 of the Declaration prohibits Anderson from changing the boundary lines of his lots to create the single, combined lot, notwithstanding the treatment of the lots by McIntosh County. And the Association argues that the Declaration's definition of "Lot" in

7

Article 1.20 prohibits Anderson from building a house across the boundary line between the two lots.

We agree that the language of the Declaration is unambiguous and that, as Anderson contends, that language does not prohibit the building of a house across the boundary lines reflected in the original plat. As stated above, the plain language of Article 10.15 prohibits Anderson from changing the boundaries of his lots without the declarant's written consent. This unambiguous term must be enforced as written, *Healthy-IT v. Agrawal*, 343 Ga. App. 660, 666(2) (808 SE2d 876 (2017), meaning that for purposes of the Declaration, Anderson's lots remain separate, notwithstanding their treatment by McIntosh County. But Article 10.15 contains no restriction against the construction of a house across a boundary line.

And Article 1.20, which refers to a single family residence in defining the term "Lot," does not clearly establish a restriction preventing a property owner from building a house across two adjacent lots. See *Pasha*, 350 Ga. App. at 437(1). To the extent this definitional provision restricts the way in which a property owner can use a lot, it restricts the construction of *more* than one single family residence on a single

lot. If a house meant for a single family is built across more than one lot, each lot would still be occupied as a residence for a single family.

So we hold that Anderson is entitled to summary judgment on his claim seeking a declaration "that the Declaration does not *prohibit* approval of structures across lot lines." (Emphasis supplied.) We therefore reverse the grant of summary judgment to the Association and the denial of summary judgment to Anderson with regard to that specific declaration.

3. *Request for injunctive relief*

The grant of summary judgment to Anderson as to the limited declaration he seeks does not mean that Anderson is entitled to build his house. In the summary judgment order, the trial court did not expressly address Anderson's requested injunctive relief (an order enjoining the Association from denying him approval to build on the combined lot on the ground that the Declaration prohibited it). As we explain above, the Declaration does not prohibit such construction. It does not follow that the Declaration *requires* approval of Anderson's proposed construction plans, given the significant discretion that the Declaration confers to the ARB in such matters. There might be other reasons for disapproving Anderson's construction

plans. Anderson's entitlement to his requested injunction, in light of our ruling that the Declaration does not prohibit construction across original lot lines, is a matter for the trial court to consider on remand.

4. *Arguments related to Anderson's filing of a survey depicting the combined lot with McIntosh County*

Finally, Anderson makes two related arguments that he characterizes as separate enumerations of error in his appellate brief. Anderson asserts that in the course of ruling, the trial court improperly made a finding of a disputed fact, namely whether Anderson's filing of a new plat combining two of his lots "changed the boundary lines" of those lots as contemplated in Section 10.15 of the Declaration. And Anderson argues that the trial court exceeded his jurisdiction by ruling that Anderson violated the Declaration when he filed the new plat with the county, referring to the trial court's statement that the creation of the combined lot was not "in accordance with the Declaration and [the lots] would remain viewed as two individual [l]ots under the Declaration."

These arguments are better characterized as individual facets of Anderson's attack on the summary judgment rulings, rather than errors of law in and of

themselves. See *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999) ("An error of law has as its basis a specific ruling made by the trial court."). See generally OCGA § 5-6-51 (providing examples of wording that identifies legal rulings in enumerations of error). Because we are reversing the summary judgment rulings for the reasons set forth above, we need not address the merits of these specific attacks on the rulings.

*Judgment reversed and case remanded. Watkins and Padgett, JJ., concur.*